[No. 3167. Decided May 8, 1899.]

FRANK J. BROWNE, *Superintendent of Public Instruction, Appellant,* v. ELIZABETH C. GEAR, *Respondent.*

CERTIORARI — AS TO PROCEEDINGS BEFORE SUPERINTENDENT OF PUBLIC INSTRUCTION.

Proceedings before a superintendent of public instruction to revoke a teacher's certificate, upon the determination of sufficient cause, after a hearing, are subject to review by certiorari, under Bal. Code, §§ 5740-5751, authorizing such writ when an officer exercising judicial functions has exceeded his jurisdiction or has acted illegally, or to correct an erroneous or void proceeding,

where there is no appeal, or any plain, speedy and adequate remedy at law.

SCHOOLS—REVOCATION OF TEACHER'S CERTIFICATE.

Mere inconsiderate language or slight impropriety of conduct. of a teacher, not involving moral turpitude, in endeavoring to secure a first-grade certificate, is not such "sufficient cause," within the meaning of Bal. Code, § 2418, as will warrant the revocation of valid certificates held by her.

Appeal from Superior Court, Pierce County.—Hon.. THOMAS CARROLL, Judge. Affirmed.

*Thomas M. Vance,* for appellant.

*J. C. Stallcup* and *J. W. A. Nichols,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—On the 19th of October, 1897, the state superintendent of public instruction notified the defendant that charges had been made in his office relating to irregularities on her part at a teacher's examination held at Tacoma in August, 1897, and the charges were specified as follows:

" Violation of rules prescribed by the state board of education for examination for common school certificates.— Violation of rule 8: 'Applicants who are absent at the opening of the examination must not be admitted, except for the remaining subjects of the program.' Violation of rule 9: 'Superintendents shall distribute questions on a given subject to all at the same time, and no recess shall be allowed until the subject is completed.' Also general charges: 'Submission to office of public instruction of papers which were not written during the period of the program prescribed by the state board of education, and attempt to secure a first grade certificate contrary to the rules prescribed for such, as a matter of political favor; statements contrary to fact, to the school directors and others, that a first grade certificate had been issued to defendant by the superintendent of public instruction, such

statements having been made with a definite knowledge that such an act would have been contrary to law; attempt to gain access to the questions prescribed for the examination that answers to questions might be prepared previous to the examination hour.' "

Defendant was notified that a hearing upon the charges would be had at the office of the county superintendent of Pierce county, in Tacoma, on the 10th of October, 1897, at which time evidence would be submitted, and it would then be determined whether sufficient cause existed to justify the revocation of the teacher's certificate held by defendant, for unprofessional conduct. Counsel for defendant appeared at the time mentioned and there was a continuance by consent, and thereafter evidence was heard by the superintendent of public instruction, and he then adjudged, from the evidence given at the hearing, that the defendant had been guilty of unprofessional conduct; and two common school certificates held by defendant were revoked. Application was thereupon made by defendant to the superior court of Pierce county for a writ of review, which was granted, directing that the testimony and all official records of the proceedings before the superintendent of public instruction be certified to the court. In the meantime the superintendent was restrained from canceling the certificates of the defendant, and thereafter, upon a trial, judgment was awarded in favor of the defendant, and the superintendent of instruction prohibited from canceling her certificates. From the judgment of the superior court, the superintendent of public instruction has appealed, and two errors are assigned here: That the court had no power to review the facts where the process had apparently been regular, and that the court erred in adjudging that the facts did not show cause for the cancellation of the certificates.

Sections 5740 to 5751, inclusive, Bal. Code, define the

writ of *certiorari* or review. It may be granted by the court when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such officer, or one acting illegally, or to correct an erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy at law. When a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming, annulling or modifying the proceedings below. Under § 5749, *supra,* among the questions involving the merits to be determined by the court upon the hearing are "whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination;" and, "if there was such proof, whether there was, upon all the evidence, such a preponderance of proof against the existence thereof [as] rendered in an action in a court, triable by a jury, would be set aside by the court as against the weight of evidence." The authority to revoke a teacher's certificate is found in § 2418, Bal. Code:

"Any certificate named in this title may be revoked by the authority entitled to grant the same upon the determination of sufficient cause, after the holder thereof shall have been given an opportunity of being heard."

It is evident that the proceedings under this section of the statute are judicial in their nature, and the superintendent of public instruction is clothed with *quasi* judicial powers by statute, and the power to revoke must be exercised under the same limitations, precautions and sanctions as any other judicial proceedings. Mechem, Public Officers, § 455. And the question of the regularity of such proceedings was always open to review in the courts. It

is also apparent that such proceedings before the superintendent of public instruction, under the statute, are subject to review by the statute defining *certiorari* and review. Bal. Code, *supra*. Statutes frequently declare what cause shall be deemed sufficient. It will be observed, however, that § 2418, *supra,* authorizes the revocation for "sufficient" cause, but does not define the cause. The cause assigned and found by the superintendent of public instruction here is unprofessional conduct. Mechem on Public Officers, § 457, observes of the removal of officers:

" Where the removal is to be for official misconduct . . . the misconduct which shall warrant a removal of the officer must be such as affects his performance of his duties as an officer, and not such only as affect his character as a private individual. In such cases, it is necessary 'to separate the character of the man from the character of the officer;' "

and cites several cases supporting the text.

From the record it might at first be implied that the defendant's certificates were impeached for fraud in the examinations upon which they were issued; but a further inspection of the charges and evidence shows that at least one of these certificates was properly issued some time before, and about it there was no question arising upon the manner or conduct of the defendant at the examination; and it does not appear that the second certificate which was revoked had any element of fraud in its procurement. Thus these certificates were valid, and vested certain valuable rights in the defendant, of which she could not be deprived without a trial upon notice and hearing, and determination of sufficient cause. Such cause, in the absence of a definition in the statute, would seem to be such misconduct relating to her duties as a common school teacher as would justify the revocation of her right to teach; that is, either such incompetency in her vocation in and about

the school as made her unfit for the station, or violations of rules in teaching, etc., or such moral turpitude outside her profession as would recoil on her efficiency in her work and injure the school. The charges and evidence relative to violation of rules established by the board of public education for examination of teachers do not evince a sufficient degree of moral turpitude. It appears that the defendant was very desirous of securing a first grade certificate; that there were two branches, algebra and physics, which she did not feel sure of a successful examination upon. She had a conversation with one of the board of examination, if not others, about this, and frankly expressed her doubts. She also asked, perhaps, for certain favors and certain variations of the rules in her behalf, and she afterwards irregularly forwarded examination papers upon one of those branches, with questions and answers, to the superintendent of public instruction. She also remarked to one of the board of examination, a lady, that she had considerable political influence with the county superintendent, and thought that would assist her in procuring a first grade certificate. But she did not receive a first grade certificate. This expression was perhaps an impropriety, under the circumstances; it did not evince any moral turpitude. She seems, also, to have informed an officer of the board of directors that she had gotten a first grade certificate, and thereby claimed a promotion in the school. But this, when seen in its true color, clearly was more the expression of an opinion or a hope, than the statement of an absolute fact, because the one to whom she was talking readily had at hand the opportunity to ascertain whether a first grade certificate had been issued to the defendant.

It may be said, upon a review of this record, that there appears to be but little, except possibly some impropriety, in the charges, or anything affecting the defendant in her

profession of teaching; and she cannot be deprived of a valuable vested right for mere inconsiderate language or slight impropriety of conduct. The teacher, outside of her professional obligations, possesses the ordinary personal rights and freedom that other persons do; the same social privileges and the same right to discussion of public questions at proper times and places.

We are satisfied that the conclusion of the superintendent of public instruction in this proceeding was error, and the judgment of the superior court is affirmed.

GORDON, C. J., and ANDERS and FULLERTON, JJ., concur.