[No. 105-41247-3. Division Three. February 16, 1971.]

DUANE W. REAGAN, *Appellant*, v. BOARD OF DIRECTORS, RE-PUBLIC SCHOOL DISTRICT 309, *Respondent*.

*Richard A. Perry,* for appellant.

*Granville Egan,* for respondent.

*George M. Mack* (of *Roberts, Shefelman, Lawrence, Gay & Moch*), amicus curiae.

EVANS, J.—Plaintiff appeals from a judgment of the superior court affirming the decision of the board of directors of defendant school district not to renew plaintiff's teaching contract.

Plaintiff Duane W. Reagan, who had 5 years experience as a teacher following his retirement as a major from the air force reserve, was employed by Republic School District 309 for the school year 1967-1968. On March 29, 1968 he was notified in writing of the decision of the board of directors not to renew his employment contract for the ensuing term. The notice was placed in his message box at school and received by him the same day. The notice specified as the causes for nonrenewal of his contract: (1) "We feel that you do not have the respect of the students which a teacher should have"; (2) "We feel that you have discouraged students by giving assignments over and beyond their level of accomplishment"; (3) "We feel that you have been inconsistent"; and (4) "You have failed to observe activities in your class of which a teacher should be aware".

On April 7, 1968, and within the 10 days required by statute, plaintiff submitted a written request to defendant's clerk for a hearing before the board. The next regular board meeting was scheduled for the evening of April 11, 1968. The chairman of the board testified that he had a telephone conversation with plaintiff regarding a date for the hearing requested by plaintiff, and suggested it could be held immediately following the regular meeting on April 11, and that this was agreeable to plaintiff. This was followed by a letter to that effect, mailed to plaintiff on April 9 and received by him on April 10.

On the evening of April 11, following the regular board meeting, plaintiff's requested hearing was held. Plaintiff was present, supported with notes, a prepared statement, a tape recorder and several friends. The plaintiff was asked by the chairman of the board whether he wanted the meeting to be an open or closed one. Plaintiff preferred an open meeting. Plaintiff then proceeded by reading the charges as contained in the original notice of nonrenewal, and giving his answer and response to each charge. The meeting which followed was of a "town meeting" type. There were no sworn witnesses. It was best described by the chairman as follows:

> There was a lot of discussion from a lot of different corners of the room, and at times it wasn't a very orderly meeting, with a certain amount of loud talking and pounding on the table by Mr. Reagan and people making snide remarks from the background . . . I doubt that anybody at that meeting failed to say what they had in mind, because a lot of people who were there other than the board had quite a lot to say . . . and there was so much talking and so fast that you couldn't expect to record everything that everyone said. . . . There were times when even the chairman couldn't get in a word.

This description of the meeting is supported by the fact that the tape recorder which Mr. Reagan operated at the meeting picked up so much background noise that none of the statements made by participants were intelligible.

Plaintiff does not assign error to the nature of the hearing before the school board, nor the manner in which it was conducted. It is mentioned here only as it relates to the trial court proceedings which followed on appeal to the superior court. The only record of the hearing later supplied to the superior court was in the form of the clerk's minutes, which admittedly were incomplete and in summary form.

Following the hearing, the school board determined that the charges had been established and that they constituted sufficient cause for not renewing plaintiff's contract for the ensuing year. Plaintiff appealed to the superior court, as provided by RCW 28.58.460.[1]

Prior to his hearing in the superior court plaintiff moved for a summary judgment, seeking to have his contract declared renewed for the following year by reason of the failure of the school district to give him the proper notice (1) of the nonrenewal of his contract, and (2) of the board hearing. The pleadings in connection with this motion are not contained in the record but from the trial court's memorandum decision it appears that at some time prior to the hearing the motion was denied by Judge Murray of Okanogan County. It was again denied by the trial judge, who held that plaintiff waived his rights to be served with notices in the manner required by statute.

Plaintiff's first two assignments of error are directed to this finding of waiver by the trial court. The controlling statute with reference to the right of notice of nonrenewal and of a hearing is RCW 28.67.070, which provided at all times applicable to the instant case:

Every teacher, principal, supervisor, or superintendent holding a position as such with a school district, hereinafter referred to as "employee", whose employment contract is not to be renewed by the district for the next ensuing term shall be notified in writing on or before April 15th preceding the commencement of such term of the decision of the board of directors not to renew his

[1] In 1969 the legislature provided the option of a direct appeal to the superior court in lieu of a hearing before the board. (RCW 28A.58.515)

employment which notification shall specify sufficient cause or causes for nonrenewal of contract. *Such notice shall be served upon the employee by certified or registered mail, or to the teacher personally, or by leaving a copy of the notice at the house of his usual abode with some person of suitable age and discretion then resident therein.* Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors of the district *within ten days after receiving such notice,* be granted opportunity for hearing before the board of directors of the district, to determine whether or not the facts constitute sufficient cause for nonrenewal of contract. Such board upon receipt of such request shall call the hearing to be held within ten days following the receipt of such request, and shall *at least three days prior to the date fixed for the hearing* notify the employee in writing of the date, time and place of hearing.

(Italics ours.)

Defendant's delivery of the notice of nonrenewal by leaving it in plaintiff's message box at school was admittedly not by one of the three modes prescribed by RCW 28.67.070. Likewise, plaintiff was not given 3 days written notice of the hearing held on April 11. The effect of noncompliance with these provisions is also set forth in RCW 28.67.070, as follows:

If such notification and opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term: . . .

In *Lande v. South Kitsap School Dist. 402,* 2 Wn. App. 468, 469 P.2d 982 (1970), a case involving the nonrenewal of a teacher's contract, the court reiterated the Washington rule on waiver as pronounced in *Bowman v. Webster,* 44 Wn.2d 667, 669, 269 P.2d 960 (1954), at 473, as follows:

The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A

waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage, or benefit; and his actions must be inconsistent with any other intention than to waive them.

At the outset it appears to this court that there is an obvious presumption a schoolteacher with 5 years teaching experience has at least a general knowledge of the law relating to his contract of employment. Additionally, there is evidence in the record from which the trial court could find (1) plaintiff had knowledge of the statutory requirement that he request a hearing before the board within 10 days after receiving notice of the nonrenewal of his contract; (2) plaintiff had knowledge of his right to a hearing before the board; and (3) plaintiff had knowledge of his right to be represented by counsel at that hearing, all as provided by RCW 28.67.070. From this it can reasonably be inferred that he also had knowledge of the remaining provisions of that statute relating to the manner in which the board shall give notice of nonrenewal, and if he request a hearing before the board, that he be given 3 days written notice of that hearing. Nothing which transpired at the hearing indicates otherwise. Plaintiff now complains that he was unable to obtain counsel to represent him at the hearing because his lawyer was out of town during the 2 days preceding the hearing and there was no other lawyer available in Republic. However, at the hearing he did not suggest that he wanted or needed a lawyer to represent him, nor did he ask for a continuance so that he could obtain one. It was obvious from the manner in which he conducted himself during the hearing that he did not

consider the absence of a lawyer a handicap to him. A fair inference to be drawn from the record is that he dominated the meeting in an aggressive manner, and in the process demonstrated that he was aware of the basis for the charges contained in the notice of nonrenewal.

Under these circumstances we find substantial evidence to warrant an inference that plaintiff's waiver was an intentional and voluntary relinquishment of a known right, or one of which he had constructive knowledge. His actions were inconsistent with any other intention than to waive those rights. *Bowman v. Webster, supra.*

Plaintiff's remaining assignments of error are directed to the trial court's finding of fact 14 and conclusions of law 3 and 4, which he contends apply an erroneous standard in reviewing the actions of the school board.

When plaintiff's appeal came before the superior court for hearing the trial judge held a conference with both counsel concerning the procedure to be followed. At that time it was agreed by both counsel and the trial judge that the testimony to be heard and evidence to be introduced would be restricted to that heard or introduced before the board at the hearing of April 11, 1968. The purpose was to reconstruct what was said and what transpired at the school board hearing. This was done by introducing the minutes of the school board hearing and by having witnesses who were present at the hearing testify as to what was said at that time, and by whom. The witnesses who testified before the trial court included the clerk of the school board, the superintendent of schools, the chairman of the board and another board member, the school principal, the plaintiff, Mr. Reagan, and his wife, and three spectators who were present at the school board meeting. Also introduced as an exhibit was a written note used by plaintiff in his presentation to the board.

The difficulties inherent in the procedure agreed upon are obvious but need no comment from this court for the reason that appellant, having agreed to it, does not assign error to this particular procedure.

The finding of fact to which appellant assigns error is as follows:

### XIV

There was evidence before the School Board at its meeting of April 11, from which the Board could have arrived at its decision not to renew plaintiff-teachers contract.

The conclusions to which appellant assigns error are as follows:

### III

The decision of the School Board was not shown to be arbitrary and capricious, but was founded on evidence which the Board had a right to believe and will not be overturned by the Court.

### IV

The Court may not substitute its judgment for that of the Board if there was any evidence upon which the Board could have based its decision.

Although he does not assign error to the manner in which the evidence was presented to the trial court, plaintiff contends he was entitled to the trial court's independent evaluation of the evidence introduced in support of the charges made against plaintiff, and that the standard to be applied is not whether there is any evidence upon which the school board could base its decision, but rather, whether the board has proved and established the cause or causes for nonrenewal. We agree.

RCW 28.58.480 provides:

Any appeal to the superior court by teacher, principal, supervisor or superintendent shall be heard de novo in the superior court.

"De novo" is defined in Black's Law Dictionary 483 (4th ed. 1951) as "Anew; afresh; a second time"; and in Merriam-Webster Third Int'l Dictionary (1969) as "Anew, afresh, over again". The controlling statute, RCW 28.58.480, does not limit or restrict the nature of the de novo hearing therein provided. Based upon the above definitions we, therefore, hold that the de novo hearing provided in RCW

28.58.480 entails full consideration of the case anew. It should be heard by the superior court in the same manner as though it were an original proceeding in that court. In effect, the superior court is substituted for the school board and redecides the case. It has jurisdiction to take evidence relating to the same issues heard by the school board and to permit the calling of witnesses and production of exhibits. While, as a matter of practice, due consideration should be given to the opinion of the school board as to the weight and credibility of the evidence, yet the superior court is required to form its own independent conclusions upon the evidence. *See Duncan v. Mack,* 59 Ariz. 36, 122 P.2d 215 (1942); *Commonwealth v. Virnelson,* 212 Pa. Super. 359, 243 A.2d 464 (1968); *Merrill v. Department of Motor Vehicles,* 80 Cal. Rptr. 89, 458 P.2d 33 (S. Ct. 1969); *Hiner v. Wenger,* 197 Va. 869, 91 S.E.2d 637 (1956).

Since plaintiff assigns no error to the manner in which the evidence was presented to the trial court, we do not pass upon the propriety of the procedure followed in the present case. Regardless of the procedure agreed to and followed, however, the question presented on appeal to the superior court for determination was not whether the school board action was arbitrary and capricious, measured by the test of whether there was *any* evidence to support it. The question presented was whether the school board met the burden of proving and establishing, by competent evidence, the cause or causes specified in the notice of nonrenewal of plaintiff's teaching contract. In making such determination, the trial court was required to exercise its own judgment, based upon the evidence presented.

Reversed and remanded for the entry of conclusions of law and judgment in accordance herewith.

Munson, C.J., and Green, J., concur.