[No. 825-2.   Division Two.   December 4, 1973.]

GARY L. DENTON, *Appellant,* v. SOUTH KITSAP SCHOOL DISTRICT No. 402, *Respondent.*

*James I. Maddock* (of *Schultheis, Maddock & Fox*), for appellant.

*Elvin J. Vandeberg* and *Leslie Stomsvik* (of *Kane, Vandeberg & Hartinger*), for respondent.

PEARSON, C.J.—A teacher appeals from the judgment of the superior court sustaining his discharge. The principal question presented is whether the teacher's sexual relations with a minor female student in the school district constitute "sufficient cause" for his discharge. We hold that this conduct justifies discharge.

On November 15, 1971, the board of directors of South Kitsap School District 402 directed a notice of probable cause for discharge to Mr. Denton. The stated cause was "that you violated RCW 9.79.020 in that as a male person you carnally knew and abused a female child under the age of eighteen (18) years, who was not your wife, namely, . . . a student of South Kitsap School District No. 402, . . ."

Pursuant to RCW 28A.58.450, Mr. Denton served a request for a hearing upon the board, and a hearing was held on December 8, 1971. Thereafter the board discharged him. On appeal the superior court sustained the action of the school board.

The records of the hearing and trial disclose the following course of events. Mr. Denton, a teacher at Marcus Whitman Junior High School, became acquainted with a girl who was a student at South Kitsap High School, as a result of his friendship with her parents. Although she had been a student at the junior high school during Mr. Denton's tenure there, she had never been his student. Mr. Denton obtained permission from her parents to date her, and they dated during the summer and fall of 1971.

In early November 1971, the school administrators received information from a counselor that the student in question was pregnant, and that "a teacher was involved." On the evening of November 8, 1971, Mr. Denton met in conference with Dennis Ray, his principal, and the vice-principal, at Mr. Ray's request. Mr. Ray testified at the hearing before the school board that he asked appellant if the student in question was pregnant, and if so, whether he was the expectant father, and that Mr. Denton answered "yes" to both questions.

Thereafter appellant met with Mr. Ray and Lee Tucker, the assistant superintendent. Mr. Tucker testified at the hearing and at trial that he put essentially the same questions to appellant, and likewise received affirmative answers.

Both at the hearing and at trial, Mr. Denton asserted the privilege against self-incrimination to all questions directed to the subject of his sexual involvement with this student. Testimony as to the above described questioning and his responses thereto was admitted over his objections at both proceedings.

Mr. Denton and the student in question were married on November 12, 1971.

The governing statute in this case is RCW 28A.58.100, which provides in part:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and for *sufficient cause* discharge all certificated and noncertificated employees, . . .

(Italics ours.) This section is implemented procedurally by RCW 28A.58.450, which contains notice provisions and rules for hearings before the school board.

We have recently noted that the term "sufficient cause" under this statute has seldom been elucidated in the Washington cases. *Wojt v. Chimacum School Dist. 49*, 9 Wn. App. 857, 516 P.2d 1099 (1973).

Nonetheless, we believe that the behavior of the

appellant in this case is well within its purview. Indeed, it is difficult to conceive of circumstances which would more clearly justify the action of the school board than the sexual misconduct of a teacher with a minor student in the district.

There is ample authority to support this conclusion. In *Browne v. Gear*, 21 Wash. 147, 57 P. 359 (1899), the Supreme Court, in discussing "sufficient cause" as it related to the former statute on revocation of a teaching certificate, stated that such moral turpitude outside the profession as would recoil upon a teacher's efficiency and injure the school was within the meaning of the term. We would hold that, at least where such "moral turpitude" consists of unlawful sexual relations with a minor student in the district, it is within the contemplation of RCW 28A.58.100(1). Noteworthy also in this connection is the present statute pertaining to the revocation of teaching certificates, RCW 28A.70.160. One ground for revocation specified therein is "immorality." We are of the opinion that the less drastic measure of discharge is likewise available upon such a ground.

Mr. Denton relies heavily on the case of *Morrison v. State Bd. of Educ.*, 1 Cal. 3d 214, 461 P.2d 375, 82 Cal. Rptr. 175 (1969), for the proposition that discharge of a teacher cannot be predicated upon sexual immorality absent a showing that the conduct redounds adversely upon the teacher's "fitness to teach."

While the argument that "immorality" per se is not a ground for discharge without a showing of adverse effect upon "fitness to teach" or upon the school has merit (indeed this is a fair inference from *Browne v. Gear, supra*), we decline to set such a requirement where the sexual misconduct complained of directly involves a teacher and a minor student. In our view, the school board may properly conclude in such a situation that the conduct is inherently harmful to the teacher-student relation, and thus to the school district. We are accordingly of the opinion that Mr. Denton's conduct constituted sufficient cause for discharge.

■ Several essentially evidentiary questions are additionally raised. Mr. Denton initially contends that any admissions obtained from him were the results of implied coercion, and hence inadmissible against him at the hearing or at trial, on a theory analogous to the well-known *Miranda* rule. Aside from the fact that no evidence of any coercion appears in the record, the contention is meritless. The admissibility of his statements in a criminal prosecution is not at issue, even were it conceded that the school administrators were acting as an arm of the state. *See* Const. art. 1, § 9; U.S. Const. amend. 5.

Furthermore, no support for this position can be found in *Gardner v. Broderick*, 392 U.S. 273, 20 L. Ed. 2d 1082, 88 S. Ct. 1913 (1968) and its progeny, cited by Mr. Denton. That case prohibits discharge of public employees for a *refusal to waive* the privilege against self-incrimination, except under certain limited circumstances. *See Seattle Police Officers' Guild v. Seattle*, 80 Wn.2d 307, 494 P.2d 485 (1972). This is manifestly a different case.[1]

Mr. Denton assigns error to the procedure followed by the trial court in admitting the transcript of the hearing before the board as evidence in the case. It is his contention that this procedure violated his right to a trial de novo, required by RCW 28A.58.480. We disagree.

■ It is clear that this statute requires that the trial court make its determinations independent of any conclusions of the school board and based solely upon the evidence and testimony which the trial court receives. *Hattrick v. North Kitsap School Dist. 400*, 81 Wn.2d 668, 504 P.2d 302 (1972); *Reagan v. Board of Directors*, 4 Wn. App. 279, 480 P.2d 807 (1971). Furthermore, the trial court's

---

[1]Appellant collaterally contends that the testimony was inadmissible because any conclusion of his that the student in question was pregnant or that he was the father was necessarily based upon hearsay. This contention, while imaginative, must fail because the importance of the testimony went not to the *facts* of pregnancy and expectant fatherhood, but rather the admission of unlawful intercourse implicit in Denton's answers to the questions.

inquiry must be confined to the issues framed by the school board in its notice of probable cause to the teacher.[2]

However, a transcript of the proceedings before the school board *must* be certified to the superior court on appeal therefrom, and the trial court may, at its option, make some use of it or disregard it entirely. *Hattrick v. North Kitsap School Dist. 400, supra.* We are of the opinion, in light of this rule, that the trial court may consider the transcript as some evidence, provided that the teacher is not foreclosed from his right to have the matter heard anew. In this case, Mr. Tucker testified at trial as to appellant's admissions. Mr. Denton presented his case anew. In short, the requirements of a trial de novo were met. *See Reagan v. Board of Directors, supra.*

We have examined Mr. Denton's further contentions, and have found them to be without merit.

Judgment affirmed.

PETRIE and ARMSTRONG, JJ., concur.

---

[2]RCW 28A.58.450 requires that "Any decision to discharge . . . shall be based solely upon the cause or causes for discharge specified in the notice of probable cause . . ." This language is functionally equivalent to that found in RCW 28A.58.515, which provides for direct appeals to the superior court in lieu of a hearing before the board. *See Wojt v. Chimacum School Dist. 49,* 9 Wn. App. 857, 516 P.2d 1099 (1973). Whether an appeal is taken after a board hearing or directly, the procedure before the superior court is the same. RCW 28A.58.515; *Wojt v. Chimacum School Dist. 49, supra.*