[No. 1850-1.    Division One.    January 28, 1974.]

PATRICIA BOYLE *et al., Respondents,* v. RENTON SCHOOL DISTRICT No. 403 *et al., Appellants.*

*Montgomery, Purdue, Blankinship & Austin* and *George W. Akers* and *Lynn O. Hurst,* for appellants.

*Roberts, Shefelman, Lawrence, Gay & Moch, George M. Mack, David A. Bennett,* and *MacDonald, Hoague & Bayless,* for respondents.

WILLIAMS, J.—This is an appeal from an order granting summary judgment reinstating the plaintiffs as teachers in the defendant Renton School District No. 403 and awarding damages.

The facts are not disputed. On February 9, 1971, a special levy to raise additional revenue for the operation of the schools for the ensuing year was submitted to the voters by the board of the district, and failed to pass. The board thereupon decided to resubmit the levy proposal and, anticipating the possibility of another failure, ordered contingency planning by the district administration for reduction in spending to include the nonrenewal of some, not all, of its certificated teachers. A "levy fail" position statement was adopted by the board at a meeting on March 4, 1971. On the evening of the election upon the second levy submission, April 13, 1971, the board was in session when it learned that the levy had failed. The board voted to put its

contingency plan into effect. Within the next day or two, about 130 teachers were sent the following notice:

Dear

Pursuant to RCW 28A.67.070, the Board of Directors has determined that your teaching contract for the school year 1971-1972 will not be renewed. The Board in reaching its decision has been governed by both state statute and District policies and regulations. The financial condition of the District due to the levy failure is the specific cause for the non-renewal of your contract.

The Board has not taken this decision lightly but in their judgment there is no alternative available which would fulfill their responsibilities to the electorate of the District.

Yours very truly,
RENTON SCHOOL DISTRICT No. 403
By
Shelby Bewley, Secretary

Seventy-four of the teachers so notified requested a hearing as provided by RCW 28A.67.070. The hearings, which were consolidated, commenced on May 3, 1971, and lasted 12 days. The board then met in closed session and ordered the following letter to be sent to the 130 teachers who received the first letter:

June 29, 1971
Dear

Pursuant to your hearing held under RCW 28A.67.070 the Board of Directors of the Renton School District has reaffirmed their decision of non-renewal.

We are sincerely sorry for the circumstances surrounding your termination and wish you every future success.

Yours very truly,
Renton School District No. 403
By
Shelby Bewley, Secretary

The teachers then appealed to the Superior Court for King County as permitted by RCW 28A.58.480, which requires a trial de novo. The trial court by reference incorporated in the order granting summary judgment its memorandum opinion containing the following reasons therefor:

1. The notice of April 13 was a determination by the board that the contracts would not be renewed, rather than a statement of "probable cause or causes" for nonrenewal and, hence, demonstrated that the board had made a final decision.

2. The teachers did not have a full "opportunity for hearing" as contemplated by the statute and the United States Constitution because not all five members attended all of the sessions of the hearings; sometimes there were only three present, and because one member of the board requested and received evidence outside of the hearings.

3. The testimony adduced at the hearing was not in written form when the June 29 notice was sent.

4. The final action of the board was taken in closed session rather than in open meeting and is therefore void. RCW 42.30.060.

5. The criteria for nonrenewal were not applied consistently to all teachers within the district.

The first question is whether the first letter gave the teachers proper notice of impending nonrenewal. The statute, RCW 28A.67.070, provides that if a contract is not to be renewed, the employee must be notified in writing of that determination and the cause or causes for nonrenewal specified therein. If the employee feels aggrieved by this action, he

shall be granted opportunity for hearing before the board of directors of the district, to determine whether or not the facts constitute sufficient cause or causes for nonrenewal of contract. . . . The board may reasonably regulate the conduct of the hearings. The employee may engage such counsel and produce such witnesses as he or she may desire. The board of directors, within five days following the conclusion of such hearing, shall notify the employee in writing of its final decision either to renew or not to renew the employment of the employee for the next ensuing term. Any decision not to renew such employment contract shall be based solely upon the cause or causes for nonrenewal specified in the notice of probable cause to the employee and established by a prepon-

derance of the evidence at the hearing to be sufficient cause or causes for nonrenewal.

RCW 28A.67.070.

■■ The trial court believed that by stating in the notice that it "has determined that your teaching contract . . . will not be renewed"; the board demonstrated that it had made a final decision, and the notice was void. This ruling was based upon *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 31, 385 P.2d 367 (1963), wherein the court held that a notice which summarily discharged a teacher was void because

> It was the evident intention of the legislature to protect employees of school districts from arbitrary dismissals such as that which was attempted in this case, and it is also evident that the legislature determined that the only effective way to afford this protection was to require school boards to give an opportunity to present evidence and argument before making a decision to discharge a teacher.

Although there are some minor differences between the discharge statute, RCW 28A.58.450, which was involved in *Foster,* and the contract nonrenewal statute with which we are concerned, the principle that the school board must afford the employee an opportunity to present evidence and be heard before a final decision to separate the employee is made, is the same. The court in *Foster* was also concerned with the possible unfairness of the hearing before a board which had earlier decided to discharge the teacher. This problem inheres in the procedure of both the discharge and renewal statutes, because the board must make the initial determination to separate the employee and then hear and decide the case. The teachers in the case before us do not challenge this dual role of the board in performing both administrative and quasi-judicial functions, but do object, insofar as the notice is concerned, with the board seeming to have finally decided the nonrenewal at the administrative stage by saying in the notice that it had "determined that your teaching contract . . . will not be renewed."

We do not believe that the statement in the notice by the board established beyond question that its members had prejudged the case and could not fairly consider the evidence and arguments of the teachers at the hearings. The preliminary determination for nonrenewal was necessarily made by the board upon the information it then had. This information would have to be sufficient to justify the decision to nonrenew because if the teacher did not have countervailing evidence or argument to present to the board at the subsequent hearing, his contract would undoubtedly not be renewed. The board could not justifiably send out notice of nonrenewal if it was then unsure or uncertain that it had sufficient evidence to support it. The initial determination to nonrenew does not mean that the members of the board are prejudiced against the teacher and could not discharge their statutory duty to give him a fair hearing. The presumption is that the board did properly discharge its duties. *Rosso v. State Personnel Bd.*, 68 Wn.2d 16, 411 P.2d 138 (1966).

■ Although the cause for nonrenewal stated in the notice is the only one which may be considered by the board at its hearing or the court at trial (*Thayer v. Anacortes School Dist.*, 81 Wn.2d 709, 504 P.2d 1130 (1972), *Denton v. South Kitsap School Dist. 402*, 10 Wn. App. 69, 516 P.2d 1080 (1973)), there was nothing to prevent the teachers from waiving defects in the notice. *Bowman v. Webster*, 44 Wn.2d 667, 269 P.2d 960 (1954); *Reagan v. Board of Directors*, 4 Wn. App. 279, 480 P.2d 807 (1971); *Lande v. South Kitsap School Dist. 402*, 2 Wn. App. 468, 469 P.2d 982 (1970). We believe that they did so.

■ As for the June 29th letter, the simplest way to tell the teachers that the decision was final was for the board to affirm its earlier determination. *See Robel v. Highline Public Schools, Dist. 401*, 65 Wn.2d 477, 398 P.2d 1 (1965).

It should also be noted that had the teachers wished to bypass the board entirely, they could have easily done so by appealing directly to the superior court. RCW 28A.58.515. And even though they did elect to present their

case initially to the board of directors, they are still entitled to a full trial before the superior court which is not bound by the proceedings before the board of directors. *Hattrick v. North Kitsap School Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972); *Reagan v. Board of Directors, supra.*

■ The remaining four grounds for the summary judgment have to do with claimed procedural errors and irregularities which, in the opinion of the trial court, rendered the hearing so unfair as to be no hearing at all. *Smith v. Skagit County,* 75 Wn.2d 715, 453 P.2d 832 (1969); *State ex rel. Beam v. Fulwiler,* 76 Wn.2d 313, 456 P.2d 322 (1969). We disagree. It must be remembered that members of the school board are citizens who are elected to heavy responsibilities and serve without pay. They are laypersons who generally are not schooled in the intricacies and technicalities of the law. Even so, it does appear that the board did substantially conform their actions to the law, and substantial compliance is enough. *State ex rel. Bohanon v. Wanamaker,* 47 Wn.2d 794, 289 P.2d 697 (1955).

■■ The mistakes claimed to have been made by the board are largely without substance. As to all five members not attending all sessions, the quorum required by statute is three out of five. RCW 28A.57.325. This law was observed and we presume that each member discharged his obligations honestly and participated in the decision of those cases upon which he had heard the evidence. There is no requirement that the testimony at the hearings be reduced to writing before the board's decision is made. The board sat at the hearings as a quasi-judicial body (*Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954)), and so were exempt from the open public meetings act in effect at the time. RCW 42.32.010. The question of whether the criteria for nonrenewal were appropriate or consistently applied is a question of fact. *Peters v. South Kitsap School Dist. 402,* 8 Wn. App. 809, 509 P.2d 67 (1973). The trial de novo to the superior court will resolve questions of fact and cure any irregularities which occurred during the board hearings. *Hattrick v. North Kitsap School*

*Dist. 400, supra; Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967); *Denton v. South Kitsap School Dist., supra; Reagan v. Board of Directors, supra.*

The summary judgment is vacated and the cause remanded to the superior court for trial de novo.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied April 25, 1974.

Review denied by Supreme Court June 24, 1974.