[No. 2026-1.    Division One.    August 5, 1974.]

RANDY LEE FRANCISCO, *Respondent*, v. BOARD OF DIRECTORS OF THE BELLEVUE PUBLIC SCHOOLS, DISTRICT NO. 405, *Appellant*.

764

*Siderius, Lonergan & Crowley* and *C. R. Lonergan, Jr.,* for appellant.

*Cogdill & Deno* and *W. Mitchell Cogdill,* for respondent.

JAMES, J.—Respondent Randy Lee Francisco was employed by appellant Board of Directors of the Bellevue Public Schools, District No. 405 for the 1970-71 school year pursuant to RCW 28A.58.100 and RCW 28A.67.070. These statutes require that all common school teachers hold an "effective teacher's certificate" and that they be "employed by . . . a written contract . . . limited to a term of not more than one year."

On October 23, 1970, Francisco was given written notice by the board that it had determined that "there is probable cause which is sufficient for your discharge as a teacher with the Bellevue School District." The notice, which specified three grounds for the decision to discharge, advised Francisco as required by RCW 28A.58.450 of his right to a hearing before the board to determine "whether or not there is sufficient cause or causes for his . . . discharge . . ."

RCW 28A.58.450 requires that before discharge a teacher must be given a written notice specifying "the probable cause or causes for such action" and that a decision to discharge a teacher

> shall be based solely upon the cause or causes for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause or causes for discharge or other adverse action against his *contract status.*

(Italics ours.) The "hearing" contemplated by the statute is held by the board of directors of the school district, unless

pursuant to RCW 28A.58.515, the teacher elects to appeal the board's notification of probable cause for discharge "directly to the superior court of the county in which the school district is located . . ."

A teacher who has requested an initial hearing before the board may appeal an adverse decision of the board to the superior court pursuant to RCW 28A.58.460. RCW 28A.58.480 provides that "[a]ny appeal to the superior court by an employee shall be heard de novo by the superior court."

Francisco elected to request a hearing before the board. A board hearing was held and thereafter, as required by RCW 28A.58.450, Francisco was notified in writing of the board's final decision to "discharge [him] from [his] *contract* as a teacher with the Bellevue School District." (Italics ours.)

Francisco thereafter perfected his appeal to the superior court. The trial judge rejected the board's contention that her function should be limited to a determination as to whether or not a preponderance of the evidence considered by the board supported its decision. She determined that RCW 28A.58.480 required a "de novo" hearing in the full and literal sense of the phrase. She admitted into evidence the complete transcript of the board hearing and permitted the calling of additional witnesses and the admission of additional exhibits. The trial judge made 36 findings of fact and concluded that the charges against Francisco had not been "established by a preponderance of the evidence" as required by RCW 28A.58.450. Thereafter, a judgment appropriate to her conclusion was entered.

On appeal to us, the board's attack upon the trial court's ruling is twofold. The board first contends that the "de novo" requirement of RCW 28A.58.480 contemplates a limited review of the record of the hearing before the board to determine if the evidence considered by the board supports its ultimate ruling. Similar contentions have been rejected by our Supreme Court and by both Divisions Two

and Three of the Court of Appeals. *Hattrick v. North Kitsap School Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972); *Denton v. South Kitsap School Dist. 402,* 10 Wn. App. 69, 516 P.2d 1080 (1973); *Reagan v. Board of Directors,* 4 Wn. App. 279, 480 P.2d 807 (1971). We also agree that the legislative intent is clear that a discharged teacher have a full de novo review on the merits in a new trial in superior court.

The board's principal argument, however, is that if by the enactment of RCW 28A.58.480 the legislature intended to provide a full judicial review on the merits, the statute is unconstitutional. This question was not considered in any of the three cited cases.

The board principally relies upon two decisions of our Supreme Court. The first is *Household Fin. Corp. v. State,* 40 Wn.2d 451, 244 P.2d 260 (1952). *Household Finance* concerns the administration of Washington's small loan act, RCW 31.08, and specifically RCW 31.08.260 which provides for an appeal to the Thurston County Superior Court from an order of the supervisor of banking denying his application for or revoking or suspending a license to engage in the business of making "small" loans. The critical sentence of RCW 31.08.260 is, "A trial shall be had in said superior court *de novo.*" (Italics ours.)

In summary, the holding of *Household Finance* at page 454 is that the licensing and regulation of small loan companies is an exercise of an *administrative* function of government and therefore *judicially* reviewable only to determine "whether or not the supervisor had acted arbitrarily, capriciously, or contrary to law." The court said at page 456:

> We are constrained to hold that the portion of Rem. Supp. 1941, § 8371-23, which purports to vest in the superior court for Thurston county the right to reverse on a trial *de novo* a decision of the supervisor with reference to the granting of such a license and, in effect, to substitute its judgment for that of the supervisor as to whether or not a license should issue, is *unconstitutional* as an attempt to vest a nonjudicial power in a constitutionally

created court. We must reject this expansion of the court's power as firmly as we would resist a reduction of its rightful authority.

(Italics ours.)

The second case relied upon by the board is *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973). *Hood* concerns the administration of the State Civil Service Law, RCW 41.06, and specifically RCW 41.06.200 which provides that a state employee who has been dismissed may appeal to the Thurston County Superior Court from the state personnel board's order approving his dismissal. RCW 41.06.210 provides that the review in superior court shall be upon the "basis" of the record of the hearing before the personnel board and that the court may reverse the board's ruling if the employee's objection is "well taken on any of the grounds" asserted in his appeal. Among the grounds for appeal permitted by RCW 41.06.200 is that the board's ruling is "[c]ontrary to a preponderance of the evidence as disclosed by the entire record . . ."

In *Gogerty v. Department of Institutions*, 71 Wn.2d 1, 8, 426 P.2d 476 (1967), it is held that the judicial review afforded a state civil service employee by RCW 41.06.200 is not a de novo hearing and "that the personnel board's findings of fact on disputed issues . . . carry into the superior court a prima facie presumption of correctness, . . ."

> In essence, we are persuaded that the legislature envisioned the application of a rule somewhat akin to the "substantial evidence rule", and a judicial review somewhat analogous to this court's review of the factual findings of a superior court. Any broader or more inclusive judicial review, embracing or approaching the concept of a de novo review of factual disputes, would have the tendency to minimize the administrative function and expertise of the personnel board, render futile the statutory requirement that the board make findings of fact, and thrust the superior court into the role of a super personnel board.

*Gogerty v. Department of Institutions, supra* at 9.

In *Hood,* an employee appealed his dismissal by the liquor control board to the personnel board which, after a hearing on the merits, reinstated the employee. Because RCW 41.06.200 provides only for an appeal by a state employee, the liquor control board sought judicial review in superior court by way of certiorari. The trial court heard the case on its merits and affirmed the personnel board's order of reinstatement. The case reached the Supreme Court by way of review of a decision of the Court of Appeals, *State ex rel. Hood v. State Personnel Bd.,* 6 Wn. App. 872, 497 P.2d 187 (1972). The Supreme Court held on page 403 "that the trial court lacked jurisdiction to issue the writ of certiorari and thus had no power to decide the matter on its merits." The rationale for the court's ruling on pages 400, 401 is that

> the Personnel Board's function in hearing and deciding appeals of employees, who have been dismissed for cause by their employing agencies, is a nonjudicial function
> . . .

and

> [t]hat being the case, the superior court lacked statutory jurisdiction to issue the writ of certiorari provided by RCW 7.16.040.[1]

The court concludes that, absent "statutory jurisdiction," the trial court could entertain an appeal by the liquor control board only by the exercise of its inherent constitutional power to determine whether the personnel board acted illegally or engaged in arbitrary and capricious action violative of fundamental rights. The court does not consider whether the scope of an employee's "statutory" right of appeal is similarly limited by the rule of *Household Fin. v.*

---

[1] "A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, *exercising judicial functions,* has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." (Italics ours.) RCW 7.16.040.

*State, supra.* But as we have pointed out, *Gogerty v. Department of Institutions, supra,* holds that a civil service employee's judicial review is not de novo.

The rulings we have discussed pose a difficult problem. Can the school board's entertainment of an appeal by a dismissed teacher be functionally distinguished from the personnel board's entertainment of an appeal by a state civil service employee who has been dismissed? If not, and if therefore both boards exercise nonjudicial functions, does the ruling in *Household Finance* require us to hold that insofar as it provides "statutory jurisdiction" for a *de novo* superior court hearing, RCW 28A.58.480 is unconstitutional?

We believe that it does not, but in reaching our decision we must explain our apparent disagreement with our Supreme Court's holding that the personnel board's hearing and deciding appeals of employees who have been dismissed for cause by their employing agencies is a "nonjudicial" function. The court's reasoning in *State ex rel. Hood v. State Personnel Bd., supra* at 400-01, is as follows:

> We recognize various tests have been employed to determine whether administrative acts are judicial in nature. *See Citizens Against Mandatory Bussing v. Palmason,* 80 Wn.2d 445, 495, P.2d 657 (1972) and *Okanogan County School Dist. 400 v. Andrews,* 58 Wn.2d 371, 363 P.2d 129 (1961). In the case at hand, however, the most significant test for the distinction between judicial and nonjudicial functions is whether the function performed by the agency is one which the judiciary has historically performed and which the courts could have performed prior to creation of the agency. *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954).
>
> The nature of the Personnel Board's function is derived, historically, from the purpose for which it was created. RCW 41.06.010 provides:
>
> > The general purpose of this chapter is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, recruitment, retention, classification and pay plan, re-

moval, discipline and welfare of its civil employees, and other incidents of state employment. All appointments and promotions to positions, and retention therein, in the state service, shall be made on the basis of policies hereinafter specified.

Prior to creation of the Personnel Board, state employees had no express employment rights which were within the power of the courts to protect. Personnel administration was left exclusively to the discretion of management. Thus, there were no functions which the courts had or even could have performed prior to the creation of the Personnel Board. Furthermore, the act which created the agency also created the rights which were to be protected by the agency.

■ We have fully quoted the court's reasons to demonstrate why we do not find them to be persuasive. We think that the most significant test for determining whether an administrative body acts in a judicial capacity should be the inherent nature of the function itself.

In applying tests to distinguish legislative from judicial powers, courts have recognized that it is the nature of the act performed, rather than the name of the officer, board, or agency which performs it, that determines its character as judicial or otherwise.

*Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 571, 269 P.2d 563 (1954). *Accord, Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 53 L. Ed. 150, 29 S. Ct. 67 (1908). That it is a function which the courts have not historically performed should not be of controlling significance because, as pointed out in *State ex rel. Hood v. State Personnel Bd.*, supra at 401, in the past "state employees had no express employment rights which were within the power of the courts to protect."

■ But civil service employees as well as common school teachers now have express employment rights. "The general relationship . . . between the school authorities and teachers in the public schools of our state is created by contract and governed by general principles of contract law." *Kirk v. Miller*, 83 Wn.2d 777, 781, 522 P.2d 843 (1974). For civil service employees, the rights are contrac-

tual rights implied by law. *Helland v. King County Civil Serv. Comm'n,* 10 Wn. App. 683, 519 P.2d 258 (1974), review granted, 84 Wn.2d 1001 (1974); *Deering v. Seattle,* 10 Wn. App. 832, 520 P.2d 638 (1974). When the question is whether there is good cause for discharge, contractual rights are involved. The determination of contractual rights is inherently and historically a judicial function.

We therefore conclude that the rule of *Household Finance* does not apply and that RCW 28A.58.480's grant of power to judicially review *de novo* is not "unconstitutional as an attempt to vest a nonjudicial power in a constitutionally created court." *Household Fin. Corp. v. State,* 40 Wn.2d 451, 456-57, 244 P.2d 260 (1952).

To the contrary, we believe that a discharged teacher would have a right to judicial review on the merits in the absence of statute. When a schoolteacher is discharged by a school board, the board becomes both the adversary party and the judge. In the early case of *State ex rel. Barnard v. Board of Educ.,* 19 Wash. 8, 52 P. 317 (1898), it is held that the hearing of charges against a school superintendent by a school board is a "judicial proceeding by the board," and that a board member who was "a prime mover in having the charges preferred and prosecuted" was disqualified from sitting as a board member.

*Barnard's* principle of "fundamental fairness" is the basis for the ruling in *State ex rel. Beam v. Fulwiler,* 76 Wn.2d 313, 456 P.2d 322 (1969) that when an administrative tribunal, designated as an appellate body to hear and decide a matter of the discharge of an employee, is the same body which has investigated an accused and recommended a dismissal, and there is no provision for another tribunal to hear the matter, the superior court is vested with *inherent* jurisdiction to hear and determine the controversy on the merits. In *State ex rel. Caffrey v. Superior Court,* 72 Wash. 444, 130 P. 747 (1913), a case cited in *State ex rel. Beam v. Fulwiler, supra,* a discharged schoolteacher sought judicial review of her dismissal by the school board. She was a

contract employee. It is held that where the teacher's only statutorily provided appeal was to the county school superintendent who "dominated the school board and took an active interest in the controversy," the superior court had inherent jurisdiction to hear and determine the matter on its merits.

■ In any event, the rulings in *State ex rel. Caffrey v. Superior Court, supra* and *State ex rel. Barnard v. Board of Educ., supra,*[2] demonstrate that employment rights of schoolteachers have historically been "within the power of the courts to protect," *State ex rel. Hood v. State Personnel Bd., supra* at 400, and under that "test," the school board performs a "judicial" function when it orders the discharge of a teacher for cause.

For the foregoing reasons, we hold that the de novo superior court review provided by RCW 28A.58.480 is not an unconstitutional vesting of administrative power in the court.

■ The board further contends that the evidence considered by the trial judge does not support her findings of fact. Our review of the record demonstrates that though there is conflicting evidence, the trial judge's findings are supported by substantial evidence. Under the familiar rule of *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), the trial judge's findings of fact will not be disturbed on appeal.

■ Francisco requests an award of a reasonable attorney's fee for successfully defending in this appeal. RCW 28A.58.490 provides:

The court in its discretion may award to an employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court. If the court enters judgment for the employee, in addition to ordering the school board to reinstate or issue a new contract to the employee, the court may award

[2]*See also Kennedy v. School Dist. 1,* 20 Wash. 399, 55 P. 567 (1898); *Splaine v. School Dist. 122,* 20 Wash. 74, 54 P. 766 (1898); *Fitzgerald v. School Dist. 20,* 5 Wash. 112, 31 P. 427 (1892)

damages incurred by the employee by reason of the action of the school district.

Though the statute contains no express authority for an award of attorney's fees for defending an appeal from a superior court order, we believe that such authority may be implied.

RCW 28A.58.490 represents a legislative recognition that in some cases reinstatement and back pay may not provide an adequate remedy to a discharged employee. The legislature chose to permit the award of an attorney's fee in order to encourage a discharged employee to enforce his statutory rights. The strength of this policy is indicated by the fact that while an employee must prevail on the merits to be awarded general damages, the award of attorney's fees is not similarly conditioned. Were we to limit the award of attorney's fees to services performed at trial, the possibility of an appeal might well discourage an employee from enforcing his rights. In view of the strength of the legislative policy to encourage enforcement, we must conclude that the legislature did not intend to permit its policy to be circumvented by the taking of an appeal. We therefore hold that the statute permits the award of a reasonable attorney's fee for successfully defending an appeal and that such an award is appropriate in this case. *Cf. Brandt v. Impero*, 1 Wn. App. 678, 682, 463 P.2d 197 (1969).

Francisco also requests that we award attorney's fees for his representation at the school board hearing. However, Francisco did not file a notice of appeal from the trial court's denial of his request and therefore the question is not properly before us. CAROA 33; *DeBlasio v. Kittitas,* 57 Wn.2d 208, 356 P.2d 606 (1960).

The judgment of the trial court is affirmed and the cause is remanded

(1) for further proceedings to determine the total amount of salary due to Francisco by reason of his reinstatement as a certified employee of Bellevue School District No. 405;

(2) for fixing a reasonable attorney's fee to be awarded Francisco on appeal.

SWANSON, C.J., and CALLOW, J., concur.

Petition for rehearing denied September 25, 1974.

Review granted by Supreme Court November 19, 1974.