331 So.2d 342 (1976)
BROWARD COUNTY CLASSROOM TEACHERS ASSOCIATION, INC., Appellant-Petitioner,
v.
The PUBLIC EMPLOYEES RELATIONS COMMISSION, Appellee-Respondent.
Nos. AA-235 and AA-255.
District Court of Appeal of Florida, First District.
May 3, 1976.
Rehearing Denied May 26, 1976.
*343 Ronald G. Meyer, Law Offices of Frank & Meyer, P.A., Tampa, for appellant.
Richard H. Frank and Ronald G. Meyer, Frank & Meyer, Tampa, for petitioner.
Jack McLean, Jr., Tallahassee, for appellee-respondent.
McCORD, Judge.
These are two consolidated cases. One is an appeal from a final order of the Circuit Court, Leon County, denying a motion for temporary injunction and dismissing the complaint of Broward County Classroom Teachers Association, Inc. (hereinafter referred to as CTA). The second is a petition for writ of certiorari which we entertain as a petition for review of administrative action under § 120.68, Florida Statutes. The petition is for review of an undated order of The Public Employees Relations Commission (hereinafter referred to as PERC) entered on November 10, 1975, as modified by order of November 17, 1975.
The issues in both actions are the same:
(1) Does PERC have authority under § 447.507, Florida Statutes to enforce or implement Section 447.505 in the absence of an unfair labor practice charge having been lodged with it which alleges a violation of § 447.501(2)(a), Florida Statutes?
(2) If the answer to "(1)" above is in the affirmative, may PERC act to enforce or implement the above statute without having itself adopted specific rules governing the procedure for such?
The trial court and PERC both ruled in the affirmative as to both of the above points.
These actions before this court arose out of an alleged strike of Broward County Teachers in violation of § 447.505, Florida Statutes. PERC obtained an injunction against CTA and thereafter the strike was terminated. The public employer, the Broward County School Board, did not file an unfair labor practice charge alleging violation of § 447.501(2)(e) and PERC, therefore, had the choice of either doing nothing or initiating proceedings on its own to investigate the alleged violations and impose sanctions provided for in Chapter 447 if it found a violation had occurred. It chose to initiate action and entered the order to show cause complained of. CTA sought injunction in the circuit court and also sought review of PERC's order contending that PERC has no authority to initiate proceedings on its own to investigate and impose sanctions but can only act when an unfair labor practice charge is filed with it.
The trial court ruled as follows:
"ORDERED AND ADJUDGED that said Motion for Temporary Injunction be and the same is hereby denied and the Motion to Dismiss the Complaint is hereby granted. The Court is of the view that the defendant Commission is authorized, under F.S. 447.207(6) to investigate charges of striking by public employees and that under F.S. 447.507(6)(a) the said defendant has the power and duty to investigate and determine whether or not an employee organization, as defined in the statutes, has violated F.S. 447.505, prohibiting an employee organization from participating in a strike against a public employer. The Court is further of the view that procedures under F.S. 447.507 are distinct from those under F.S. 447.501, dealing with unfair labor practices, and that the making of a charge of an unfair labor practice is not a prerequisite to procedures under F.S. 447.507(6)(a)."
PERC in its order from which review is sought ruled as follows:
"Having heard the arguments of counsel, the Commission finds that Section 447.507, *344 Florida Statutes (Supp. 1974) grants authority to the Commission to initiate proceedings sua sponte both to enjoin violations of Section 447.505 through Section 447.507(2) or, after appropriate hearing on notice, to impose sanctions as provided in Section 447.507(5) and (6)(a). * * *
Section 447.505, which expressly and independently of the Unfair Labor Practice provisions prohibits strikes by public employees, evidences a legislative intent that the Commission should take appropriate action whenever public employees or any employee organization violates Section 447.505. In support of this conclusion, the Commission notes that Section 447.507 provides specific and independent remedies and sanctions for violations of Section 447.505. We conclude that Sections 447.505 and .507 authorize the Commission to take appropriate action, as specified, to prevent strikes, notwithstanding the public employer's failure to invoke the provisions and protection of the Unfair Labor Practice provisions of the statute.
The above conclusion is supported by public policy and reason. Unquestionably, the legislature has mandated that public policy is best served by enforcement of the constitutional prohibition against strikes by public employees. If the Commission could act to enforce the strike prohibition only upon the filing of a charge by a public employer, a public employer by non-action or agreement could effectively emasculate the constitutional and statutory prohibitions against strikes. This, in the opinion of the Commission, would frustrate legislative intent.
In this case, no charge has been filed by the public employer alleging a violation of Section 447.501(2)(e). Consequently, in order to effectuate the purposes of the Public Employees Relations Act and Article I, Section 5, of the Florida Constitution, the Commission must act pursuant to Sections 447.505 and 447.507(6).
* * * On balance of the issues involved, a majority of the Commission finds that a hearing conducted by the State Division of Administrative Hearings will not result in a denial of due process in the absence of specific Commission Rules. Division of Administrative Hearings has promulgated rules which provide the necessary procedural safeguards."
Article I, Section 6, of the Florida Constitution provides:
"... Public employees shall not have the right to strike."
Section 447.501, Florida Statutes, lists and defines numerous unfair labor practices. Among them [subsection (2)(e)] is the following:
"Participating in a strike against the public employer by instigating or supporting, in any positive manner, a strike. Any violation of this paragraph shall subject the violator to the penalties provided in this part."
Section 447.503 sets forth the procedure for PERC's dealing with charges of unfair labor practices that are filed with it. From this, CTA concludes and argues that since a strike is an unfair labor practice, PERC is limited to dealing with it to only investigating and acting upon charges that are filed and in the absence of a charge PERC has no power to proceed. We must look not only to § 447.501 and § 447.503 for answer to this question, however. In addition to listing a strike as an unfair labor practice in § 447.507, the legislature, in implementing the above quoted provision of the Constitution, has included in this chapter *345 a specific statute, § 447.505 which provides:
"Strikes prohibited. No public employee or employee organization may participate in a strike against a public employer by instigating or supporting, in any manner, a strike. Any violation of this section shall subject the violator to the penalties provided in this part."
The legislature then immediately followed the foregoing section with § 447.507 entitled "Violation of strike prohibition; penalties." That section describes the various remedies for dealing with a strike and subsection (5) thereof provides in pertinent part:
"If the commission, after a hearing on notice conducted according to rules promulgated by the commission, determines that an employee has violated section 447.505, Florida Statutes it may ..."
and subsection (6)(a) thereof provides in pertinent part:
"If the commission determines that an employee organization has violated section 447.505, Florida Statutes it may ..."
The statute also specifies the sanctions that may be imposed upon such an employee or an employee organization which has violated Section 447.505. Nothing in Section 447.507 indicates or infers that the commission may not act on its own motion when a strike is involved. It appears clear that, having added this section dealing specifically with strikes, the legislature intended, as to strikes, that the commission investigate and act on its own motion under § 447.507 or that it act under § 447.503 upon complaint of another. The legislature intended these two alternate procedures for dealing with strikes by public employees, and logically so since the Constitution forbids strikes by public employees.
As to CTA's second point, the failure of PERC to adopt specific rules of procedure governing the investigation of and imposition of sanctions for strikes is not fatal to the proceeding. PERC is an agency under the Administrative Procedure Act, Chapter 120, Florida Statutes. Section 120.54(9) provides in pertinent part as follows:
"The Administration Commission shall promulgate one or more sets of model rules of procedure which shall be reviewed by the committee and filed with the Department of State. On filing with the department, the appropriate model rules shall be the rules of procedure for each agency subject to this act to the extent that each agency does not adopt a specific rule of procedure covering the subject matter contained in the model rules applicable to that agency... ."
In the absence of its own specific rules, PERC may proceed under the model rules adopted pursuant to the above statute.
The order of the Circuit Court is affirmed and the orders of PERC from which administrative review was sought are affirmed.
BOYER, C.J., and SMITH, J., concur.