### STATE v. WATERS.
No. 139-842-P.
County Court, Dade County,

December 7, 1977.

Michael B. Solomon, Miami Beach, for the defendant.

**ROY S. WOOD, Jr., County Court Judge.**

This matter came before the court on defendant's motion for new trial received by the court on November 25, 1977. This is a traffic infraction, as defined by F.S. 318. 13 (3), heard by the court on November 15, 1977, at which time the court found the defendant guilty of speeding as alleged in the Uniform Traffic Complaint and granted the defendant ten days to file a motion for new hearing as authorized by Rule 6.540, Florida Rules of Practice and Procedure for Traffic Courts.

The facts, as found by the court, are that a police officer observed a vehicle driven by a white male at the time, date and location alleged in the complaint. The vehicle attained a speed in excess of the maximum speed attainable by the police car, 95 m.p.h., and the officer was unable to stop the vehicle. The officer did obtain the license tag number and determine the address of the owner by radio. Upon proceeding to said address, the officer observed a vehicle of the same description with a warm engine bearing the same tag number. The defendant was present and was interrogated under circumstances which the court now finds and concludes constituted a focus of investigation and restraint of liberty sufficient to invoke the need for warnings of constitutional rights at that point, had the investigation been of a criminal violation. *Miranda v. Arizona,* 384 U.S. 436 (1966). No such warnings were given and defendant admitted to the officer that he had been driving the vehicle at the pertinent time. The admission was otherwise voluntary in that it was not the product of illegal coercion or inducement.

The court permitted the officer to testify to the admission at the hearing, over objection. The determinative question raised by the objection, and by the motion for new trial, is whether that admission should have been excluded due to the absence of *Miranda* warnings.

The court concludes that defendant's statement was properly admitted in evidence. As indicated in *Harris v. New York,* 401 U.S. 222, 225 (1971), the purpose of the exclusionary rule here invoked is to deter proscribed police conduct, but sufficient deterrence thereof is achieved when the evidence obtained by such conduct is barred from use in the prosecution's case-in-chief in a criminal case. *Harris* held that such purpose is not served by barring the use of such evidence for impeachment purposes in a criminal case. *A fortiori,* that purpose is not served by excluding such evidence in a non-criminal case.

The court's conclusion that the law does not require the exclusion of an admission from evidence in a non-criminal case for lack of *Miranda* warnings is fortified by *Gorchov v. State,* 331 So.2d

345 (3d D.C.A. 1976). See *Diric v. Immigration and Naturalization Service*, 400 F. 2d 658, 661, (9 Cir. 1968) cert. denied 394 U.S. 1015; *Greece Volunteer Ambulance Service, Inc. v. Smith*, 301 N.Y.S. 2d 865 (1969); *Denton v. South Kitsap School*, 516 P. 2d 1080, 10 Wash. App. 69 (1973). But see *Romanelli v. C.I.R.*, 466 F. 2d 872 (7 Cir. 1972).

*State v. Inman*, 347 So.2d 791 (3d D.C.A. 1977), has no bearing no this issue. The question there presented for review was whether the statute barring the use of accident reports in any civil or criminal case displaces the procedural rule authorizing their admission in traffic infraction cases. No such collision between the statutory and rule making authority arises in the instant case; moreover, the District Court of Appeal expressly declined to reach the issue, holding the evidence insufficient to sustain the conviction even with the report.

The instant case is clearly not a criminal case. Under F.S. 318.13, such a case is specifically defined as a ". . . non-criminal violation which is not punishable by incarceration and for which there is no right to a trial by jury or a right to court appointed counsel." Advice concerning the possible right to court appointed counsel is, of course, a key feature of the *Miranda* warning.

Accordingly, it is hereby adjudged that the motion for new trial is denied.