[No. 42366. En Banc. December 28, 1972.]

ERMA THAYER, *Appellant*, v. ANACORTES SCHOOL DISTRICT *et al.*, *Respondents.*

*K. R. St. Clair,* for appellant.

*Earl F. Angevine, Prosecuting Attorney,* for respondents.

HALE, J.—Erma Thayer had served as a teacher and librarian for many years in Anacortes School District No. 103. She received a letter April 14, 1970, from the district superintendent suggesting that, because of reduced finances, the district had to reduce its force of teachers, and that her teaching contract would not be renewed. She did not demand a hearing within the 10-day period as prescribed by the teacher-tenure statute (RCW 28.67.070). Instead,

months later, September 16, 1970, she brought this action against the district seeking a decree renewing her contract and directing payment of her salary, retirement contributions and other emoluments.

Claiming that the letter of nonrenewal was inadequate and ambiguous on its face and also legally insufficient when considered in connection with her seniority in the district, plaintiff says it placed no duty upon her to demand a hearing. The learned trial judge, finding the notice of nonrenewal to be legally sufficient, concluded that plaintiff's failure to demand a statutory hearing within 10 days of the letter's receipt barred the remedy sought, and plaintiff now appeals the dismissal of her case.

Here is the letter of nonrenewal:

ANACORTES PUBLIC SCHOOLS
District Number 103
Administration Office
1402 24th Street—Phone 293-3171
Anacortes, Washington 98221
April 14, 1970

Dear Miss Thayer:

This letter will serve to notify you that your contract to teach in the Anacortes School District for the 1970-1971 school year will not be renewed.

There is no easy way to inform an employee such as yourself that she will no longer be employed by the school district after the end of this school year. I want you to know that I and many others do appreciate the service you have rendered to the children of this community.

We all look forward to the time when the school is fully financed and the education program of the youngsters can again be fully staffed.

Sincerely,
Arnold A. Bowers [s]
Arnold A. Bowers
AAB;ft                    Superintendent

Although the findings and decree are silent on the subject, we think the record made the question of seniority an integral issue. Plaintiff alleged in the complaint that she

had been employed for some 31 years with the Anacortes school district, and had more seniority than any other certificated employee of that district. She also alleged that she would not be retained "although other librarians with less seniority have been retained." Exhibit B, attached to and by reference included in the complaint, a memorandum put out by the district, said that seniority would be an element to be considered in reduction in staff. She alleged in substance that the notice of nonrenewal failed to include any reference to seniority.

Exhibit B appeared to be a document adopted and distributed by the district's board of directors and administration, entitled "Policy Statement Concerning Reduction of Staff in the Anacortes School District in Case of Levy Failure February 11, 1969," and said, *inter alia*:

> The following criteria will be used as determining factors in reducing staff positions:
> 1. Normal teacher resignations will not be replaced.
> 2. Voluntary and qualified teacher retirements will not be replaced.
> 3. Staff members having emergency certification difficulties will not be rehired or replaced.
> 4. Program reductions will be effected in order to reduce positions. (These will depend on factors 1, 2, and 3 above.)
> 5. Vacant positions will be filled by those fully certificated teachers within the district who have adequate academic preparation and experience fitted to that particular assignment or who may attain adequate preparation prior to the opening of school in the fall.
> 6. *Seniority will be the determining factor when program considerations appear equal.*

(Italics ours.)

Defendant school district, without operative amplification, made a general denial of all allegations of the complaint pertaining to plaintiff's claim of seniority. The case was heard on plaintiff's motion for an injunction based on her complaint, an affidavit and an allegation of irreparable injury without speedy or adequate remedy at law, defend-

ant district's general denial, and the court's order for the district to show cause why it should not be ordered to reinstate plaintiff as a librarian with the Anacortes school district. From a decree denying the injunction and dismissing the action for failure to request in writing a board hearing within 10 days of receipt of notice of nonrenewal, plaintiff appeals.

Without comment as to seniority, and without any reference to that subject in its findings of fact, the court ruled that the notice of nonrenewal was sufficient on its face and put plaintiff under a statutory duty of protesting it within 10 days of its delivery. In essence, the court ruled that, having failed to demand in writing a hearing before the board within that period as prescribed by RCW 28.67.070 (now RCW 28A.67.070), plaintiff had waived whatever rights she might have under the statute to challenge the nonrenewal of her contract.

The record is incomplete on one vital point: the matter of seniority. Although seniority was advanced by plaintiff as an operative fact testing the sufficiency of and necessity for including it as a factor in the notice of nonrenewal, the findings of fact, as earlier noted, made only slight reference to seniority in finding No. 1 which states that she had been "employed as a school teacher with the Anacortes School District for many years." Other than this peripheral observation, the findings are silent as to plaintiff's tenure, seniority and standing in relation to other librarians retained or nonrenewed. The legal sufficiency of the notice of nonrenewal was assessed by the court solely upon its form and content and without reference to plaintiff's seniority, her competence as a librarian, her standing in relation to other librarians retained or terminated, or other factors which might be said to have a bearing upon the adequacy of the notice.

■ Our examination of the record leads us to the conclusion that the matter of plaintiff's seniority was an integral part of the circumstances upon which the sufficiency of

the notice should have been tested. The court, therefore, in failing to take into consideration what effect plaintiff's seniority would have in deciding the sufficiency of the notice of nonrenewal, omitted a vital element upon which her duty to protest the notice depended.

Seniority, we think, was a vital factor because, as earlier indicated, it was pleaded, argued and never abandoned. Paragraph 2 of the complaint stated:

> Plaintiff has been employed for some 31 years with the ANACORTES SCHOOL DISTRICT and has more seniority than any employee of that district.

Paragraph 5 of the complaint stated:

> Plaintiff must, under the applicable statutes, appeal from a proper notice of intent not to renew, however no grounds were set forth and Plaintiff had no reason to believe that other than seniority would be considered, see Exhibit B attached and included by reference, and was justified in thinking that having the greatest seniority in the district her contract would be renewed before the contract of other librarians.

Paragraph 6 alleges, in part:

> She will not be retained, although other librarians with less seniority have been retained.

Exhibit B, attached to and made a part of the complaint, sets forth the criteria to be utilized in cases where lack of funds compelled a reduction in staff, and included the sixth criterion, as follows:

> Seniority will be the determining factor when program considerations appear equal.

And finally, that same policy declaration says:

> Anacortes School District #103 will protect the professional integrity of all certificated staff members who are released from contract status because of emergency conditions created by loss of local school levy. Release from contract should not reflect in any way on an individual's professional competency or ethics. The district will assist affected staff members in finding positions of equal status in other districts.

In argument, with both parties agreeing that "this is just a pure question of law," as stated by plaintiff's counsel at the outset, and with both sides contemplating that neither party would present nor expect the other to present witnesses, plaintiff's counsel advanced the seniority idea in open court as follows:

Erma Thayer has been with the District, since the retirement of Arnell Johnson, longer than anyone else in the District. She served as a librarian prior to notice of non-renewal. There was never any statement in writing or otherwise that her performance was other than satisfactory. The senior individual—it is a classic case on seniority. And she received notice of non-renewal which is—I believe the court has seen it—attached to the pleadings and marked Exhibit 1 in the pleadings. It is a letter of April 14, 1970, by Arnold A. Bowers, Superintendent. If the court has read the letter—I am unable to find a single specified cause in the letter. There is some comment in the final paragraph to the effect they are looking forward to the time when the school is fully financed and the education program of the youngsters can again be fully staffed.

As a matter of fact, there are other librarians that are still retained and, of course, other teachers that she would be senior to who obviously have been retained for reasons other than financing.

Again, counsel in argument to the court, said:

Statement of principles, which is Exhibit 2, indicates that seniority will be the determining factor unless you have one of these other matters. That's No. 6 of Exhibit 2.

And,

We take the position, if the court please, that this is definitely a classic case with the seniority situation that we have . . .

The school district then, through counsel, only touched on the matter of seniority, stating to the court:

I want to make a couple of very brief points. The first one is that I want to emphasize the point that the question here is not one of seniority or whether other teachers with less seniority were retained or whether Miss

> Thayer has more seniority than anyone except Arnell Johnson. Though Mr. St. Clair discussed these matters, he then went on to say the only question is whether the notice was sufficient, and I think that is the truth.

and argued the case solely on the basis of the prima facie legal sufficiency of the notice and plaintiff's failure to protest the nonrenewal within the 10-day statutory period. In reply, plaintiff's counsel again asserted that her seniority was a vital point:

> Financing wasn't the basis for her discharge. She could sit, based on number one seniority, and not worry about it.

■ Thus, although the record does not show actual evidence of the plaintiff's seniority as a teacher and librarian in the Anacortes district, the case, as presented to the trial court, made it a vital factor before the court and one to be considered in determining whether the notice of nonrenewal was legally sufficient to set the 10-day appeal term in motion. Her allegation of senior status and the supporting statement of policy governing reduction in the certificated staff and defendant's failure to controvert counsel's statements at trial gave plaintiff a right to assume that the school district was either waiving seniority as an issue, or conceding that she was senior in tenure to other librarians whose contracts had been renewed.

■ With seniority as a factor to be considered in the nonrenewal of her teaching contract, plaintiff could rightly assume, therefore, from the notice of nonrenewal, that teachers and librarians junior in tenure to her would be laid off first; she had a correlative right to assume further from the notice of nonrenewal that no librarian junior in tenure to her would be retained. Since the notice did not inform her that she was being dropped while junior librarians were being retained, she was not, under RCW 28.67.070, given reasonably adequate notice of the reasons for her nonrenewal and, therefore, was under no duty to appeal under pain of waiver of protest.

Notice of nonrenewal was sent to plaintiff in accordance with RCW 28.67.070; Laws of 1969, 1st Ex. Sess., ch. 176, § 69, p. 1330 (now substantially reenacted and now codified as RCW 28A.67.070), which, in pertinent part, says:

Every teacher, principal, supervisor, or superintendent holding a position as such with a school district, hereinafter referred to as "employee", whose employment contract is not to be renewed by the district for the next ensuing term shall be notified in writing on or before April 15th preceding the commencement of such term of the decision of the board of directors not to renew his employment which notification shall specify sufficient cause or causes for nonrenewal of contract.

The right to request a hearing or risk a waiver of that right is stated further in the same section as follows:

Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors of the district within ten days after receiving such notice, be granted opportunity for hearing before the board of directors of the district, to determine whether or not the facts constitute sufficient cause for nonrenewal of contract. Such board upon receipt of such request shall call the hearing to be held within ten days following the receipt of such request, and shall at least three days prior to the date fixed for the hearing notify the employee in writing of the date, time and place of hearing.

Finally, that same section (RCW 28.67.070; Laws of 1969, 1st Ex. Sess., ch. 176, § 69, p. 1330, brought forward into RCW 28A.67.070), categorically declares that the reasons or grounds for nonrenewal must be set forth in the notice of nonrenewal:

Any decision not to renew such employment contract shall be based solely upon the cause or causes for nonrenewal specified in the notice to the employee and proved and established at the hearing. If such notification and opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had

actually been renewed by the board of directors for such ensuing term . . .

That a school district is obliged to take into consideration and allow credit for seniority in making reduction in its personnel is seen in Laws of 1965, 1st Ex. Sess., ch. 49, § 3, p. 1810; RCW 28.67.076:

> When any faculty member, instructor, teacher, or other certificated employee or instructor leaves one public school, community college, or school district within the state and commences employment with another public school, community college or school district within the state, *he shall retain the same seniority, leave benefits and other benefits that he had in his previous position.* If the public school, community college or school district to which the person transfers *has a different system for computing seniority, leave benefits and other benefits, then the employee shall be granted the same seniority, leave benefits and other benefits as a person in that district who has similar occupational status and total years of service.*

(Italics ours.) This section was in force at the time plaintiff received the notice of nonrenewal: it was substantially reenacted in RCW 28A.58.100(h) (Laws of 1969, 1st Ex. Sess., ch. 223, § 28A.58.100, pp. 1863, 1865); and it was again substantially reenacted in Laws of 1971, 1st Ex. Sess., ch. 203, § 1, p. 946 (RCW 28A.58.100 Supp.).

There was thus at the time plaintiff received the notice of nonrenewal a statute in effect affording her preferential rights to renewal of her contract as a school librarian, based on her years of continuous service as a certificated teacher and librarian within the Anacortes school system. To alert her to the necessity of protesting or requesting a hearing under these statutes, the notice of nonrenewal should have stated one way or the other that seniority would be ignored in reducing the teaching staff or library staff because of inadequate funds.

The defendant school district relies substantially upon the rationale of *State ex rel. Mary M. Knight School Dist. 311 v. Wanamaker*, 46 Wn.2d 341, 281 P.2d 846 (1955);

*State ex rel. Bohanon v. Wanamaker,* 47 Wn.2d 794, 289 P.2d 697 (1955), and the case authority therein cited, but we think these do not apply to this plaintiff's situation. In each of those cases, the notice of nonrenewal, although couched in general language, made clear to the recipient that it was based on unsatisfactory teaching, or incompetent teaching, or complaints from parents. These notices, we held, met the minimal statutory requirement of notice of the cause of nonrenewal and thus invoked the 10-day limitation period for requesting a hearing.

In Erma Thayer's case, there is no hint whatever as to any complaints that she performed her services incompetently or even unsatisfactorily, nor any suggestion that the nonrenewal was based on anything other than lack of funds necessitating a reduction in the certificated teaching force. She had a right to assume from the notice that all librarians junior to her in tenure had been included in the reduction.

Accordingly, the decree of the court is reversed and the cause remanded for a determination of seniority. If plaintiff is senior to librarians retained or renewed, her contract will be reinstated and a judgment entered for the amount in which she was damaged.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied February 22, 1973.