[No. 42726.   En Banc.   November 15, 1973.]

BILLIE NOE, *Appellant*, v. EDMONDS SCHOOL DISTRICT No. 15, *Respondent*.

*LeSourd, Patten, Fleming & Hartung*, by *Leon C. Misterek* and *C. Dean Little*, for appellant.

*Michelson, Rutter & Gallagher*, by *John E. Rutter, Jr.*, for respondent.

STAFFORD, J.—Appellant, Billie Noe, is a teacher employed by respondent, Edmonds School District No. 15. Her original contract of employment for the 1969-70 school year set forth an annual salary and provided that she would

perform "such duties as are prescribed by the laws of the State of Washington and by the policies, rules and regulations of the District . . ." On May 28, 1970, her contract was renewed for the 1970-71 school year under the same terms, with a salary increment.

On May 7, 1971, the superintendent of respondent school district and appellant's building principal had a private conference with appellant. In a letter bearing the same date, the superintendent and principal informed appellant that she was being placed on probation because, as the letter asserted, she had slapped one student across the face as a disciplinary measure in the 1969-70 school year and treated another similarly on April 30, 1971. The letter contended she had admitted the second incident at the conference.

If the asserted incidents did occur, they would have been in violation of the district's rules on discipline. While the rules required teachers to maintain order and discipline, they authorized corporal punishment only when necessary for the preservation thereof. However, if administered by a teacher, corporal punishment was to be imposed in the presence of the principal and was not to be administered on or about a student's head.

As indicated in the letter, appellant's probation period was to commence May 10, 1971, and to continue for one full year. During that year her salary would be reduced by 7 percent. Both the probation and the sanction of a salary reduction were imposed by the superintendent pursuant to a policy adopted by the board of respondent school district on September 8, 1970. The policy reads in part as follows:

Probation
A teacher may be placed on probation . . . for:
1. *Deliberate infraction* of policies and/or regulations of the . . . District.

. . .

A teacher shall be placed on probation *at the discretion of the building principal and the superintendent.* . . .
. . . . .

*Probation: Financial Penalty*
When a certificated employee is *placed on probation* in accordance with Board Policy, by a principal with approval of the Superintendent, *or by the Superintendent directly,* the employee *shall have his or her salary reduced by 7% for the next contracted year.* . . . Probation may be for a period not to exceed one year.

When a certificated employee has been on probation for *less than sixty (60) contracted days* and successfully corrects the cause or reason for probation, *no penalty shall be imposed with regards to any loss in salary.*

(Italics ours.)

Billie Noe appealed to the Snohomish County Superior Court contending: (1) Respondent's probation policy violates RCW 28A.58.450 which requires that any decision adversely affecting a teacher's contract status must be made by the school district's *board of directors* following a prescribed notice and hearing. It was urged that the board's policy, authorizing the superintendent to take summary procedures regarding probation, failed to comply with RCW 28A.58.450. (2) Although RCW 28A.67.065 authorizes district boards to place teachers on probation, it does not authorize monetary sanction. (3) Based on the foregoing, appellant asserted her right to reinstatement, and to her full salary as provided by RCW 28A.58.450. She also requested reasonable attorney's fees and costs as provided by RCW 28A.58.490.

Both parties moved for summary judgment. The trial court held there was no genuine issue of material fact and awarded respondent's motion for summary judgment. Billie Noe appeals.

Respondent contends that it properly enacted the challenged policy which authorized the superintendent of schools to summarily impose on teachers both probation and a monetary sanction of reduced salary. In support thereof it cites RCW 28A.58.110 which reads in part:

Directors—Bylaws. Every board of directors shall have power to make such bylaws for their own government, and the government of the common schools under their

charge, as they deem expedient, *not inconsistent with the provisions of this title,* or rules and regulations of the superintendent of public instruction or the state board of education.

and RCW 28A.58.100 which provides:

Every board of directors, *unless otherwise specially provided by law, shall:*

(1) Employ. for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees, and fix, alter, allow and order paid their salaries and compensation;

(Italics in both quotations ours.)

The foregoing statutes do not, however, provide the authority claimed by respondent. Although RCW 28A.58.110 grants boards of directors (hereinafter referred to as boards) the power to enact by-laws for government of the schools, the power is not unrestricted. The statute specifically provides that such by-laws shall not be inconsistent with the provisions of this title (*i.e.,* Title 28A). In the same vein, while RCW 28A.58.100 provides that boards may, for sufficient cause discharge certified employees and "fix, alter, allow and order paid their salaries," the authority is preceded by the admonition that boards possess such power "unless otherwise specially provided by law."

Thus, neither statute provides an unfettered grant of power. The restrictions contained in each require us to turn to other provisions of title 28A to determine whether and to what extent a board's power is circumscribed. Two statutes contained in title 28A are particularly applicable. First, RCW 28A.58.450 sets forth the procedure which must be followed by a *board of directors* before a teacher can be "discharged or otherwise adversely affected in his contract status." In brief form, the essence of the procedure is as follows:

(1) The school district's *board* must first determine that "there is probable cause . . . for a teacher . . . to be discharged or otherwise adversely affected in his contract status."

(2) The *board* "shall notify such employee in writing of its decision" and "shall specify the probable cause . . . for such action."

(3) The teacher may, within 10 days after receiving the *board's* notice, make a written request for a hearing before the board to determine whether there exists "sufficient cause . . . for his . . . discharge or other adverse action against his contract status."

(4) Upon receipt of the teacher's request, the *board* "shall call the hearing to be held within 10 days." The *board's decision* "to discharge or to take other adverse action against such employee shall be based solely upon the cause or causes for discharge specified in the notice of probable cause".

(5) "Any decision [by the board] to discharge or to take other adverse action against such employee shall be based solely upon the cause . . . specified in the notice of probable cause . . . and established by a preponderance of the evidence at the hearing . . ."

(6) "In the event any such notice or opportunity for hearing is not timely given by the district, or in the event cause for discharge or other adverse action is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged or otherwise adversely affected in his contract status for the causes stated in the original notice for the duration of his or her contract."

Second, RCW 28A.67.065 pertaining to a board's power to place teachers on probation provides in part:

> *Every board* . . . shall establish an evaluative criteria and procedures for all certificated employees. . . . Every employee whose work is judged unsatisfactory shall be notified in writing of stated areas of deficiencies along with recommendations for improvement by February 1st of each year. A probationary period shall be established from February 1st to April 15th for the employee to demonstrate improvement.

(Italics ours.)

Respondent acknowledges that the policy, which authorizes the district superintendent to summarily place a teacher on probation and to impose a monetary sanction or penalty by means of a salary reduction, is not consistent with the provisions of RCW 28A.58.450 or RCW 28A.67.065. It asserts, however, that it was unnecessary to adhere to either statute because the board's policy, and the procedure employed thereunder, was a lawful delegation of mere ministerial or administrative duties. It is urged that the board's policy so circumscribed the superintendent's power that he was concerned only with the quantum of predetermined probation and monetary sanction. This, it is said, is to be differentiated from a board's discretionary acts that are nondelegable. We disagree.

Even if we accept the questioned summary probation/salary sanction policy at face value, more has been delegated to the district's superintendent than mere ministerial or administrative acts. The superintendent is required to make the following decisions.

(a) Was there in fact a violation of the board's basic corporal punishment policy?

(b) If a violation is found, was it "deliberate"?

(c) If the violation was "deliberate", should the teacher be warned or placed on probation?

(d) If it is determined that probation should be imposed, should it be imposed for less than 60 days, thus avoiding the 7 percent salary reduction for one year?

(e) If it is determined that probation should be employed, should it be imposed for a period of more than 59 days thus automatically resulting in the added penalty of a 7 percent salary reduction for the next contract year?

By the terms of the questioned probation/salary sanction policy neither probation nor the 7 percent monetary sanction is mandated. The acts and decisions required of the superintendent, in imposing probation and/or the monetary sanction, are primarily discretionary rather than ministerial or administrative in nature.

■ ■ School districts are municipal or quasi-municipal corporations. *American Fed'n of Teachers Local 1485 v. Yakima School Dist. 7*, 74 Wn.2d 865, 447 P.2d 593 (1968); *Seattle High School Ch. 200 v. Sharples*, 159 Wash. 424, 293 P. 994, 72 A.L.R. 1215 (1930). They are created by the legislature and can exercise only such powers as the legislature has granted in express words, or those necessary or fairly implied in, or incident to, powers expressly granted or those essential to the declared objects and purposes of such district. *Seattle High School Ch. 200 v. Sharples, supra*. Where a statute, which is the source of a municipal or quasi-municipal corporation's power, confers specific functions to particular officers or boards, such functions may not be delegated to others (*Roehl v. PUD 1*, 43 Wn.2d 214, 240, 261 P.2d 92 (1953)) unless the statute expressly authorizes such delegation to some other officer or body. *Othello v. Harder*, 46 Wn.2d 747, 752, 284 P.2d 1099 (1955). School districts are no exception to the rule.

■ Under title 28A the legislature has given school boards *exclusive* power to discharge, place on probation or otherwise adversely affect a teacher in his or her contract status.[1] For reasons stated in the preceding paragraph, discretionary duties specifically imposed upon the board by statute cannot lawfully be delegated to the superintendent either by direct board action or, as respondent seems to suggest, by negotiations with a professional organization under the guise of RCW 28A.72.030.

Without question, RCW 28A.72.030 is broad in scope. Nevertheless, it does not, either directly or by implication, authorize a board to divest itself of powers and duties placed within its *exclusive control* by statute. While a delegation of power and duties can take place if authorized by legislature, there is no such grant here.

■ Turning next to the validity of the proba-

---

[1]*See Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963); *Daly v. Shelton School Dist. 309*, 3 Wn. App. 348, 475 P.2d 897 (1970); *Lande v. South Kitsap School Dist. 402*, 2 Wn. App. 468, 469 P.2d 982 (1970).

tion/monetary sanction itself, we hold that the policy adopted by the board is invalid. Both RCW 28A.58.450 and RCW 28A.67.065 specifically circumscribe the power of boards (1) to take action that will adversely affect a teacher in his or her contract status and (2) to place teachers on probation. Neither statute grants boards power to use the type of summary procedure adopted by respondent. Neither authorizes boards to impose monetary penalties as an adjunct of the probation contemplated in RCW 28A.67.065. Further, neither RCW 28A.58.100 nor RCW 28A.58.110, as limited by RCW 28A.58.450 and RCW 28A.67.065, authorizes a school board to use disciplinary measures or procedures other than those provided in RCW 28A.58.450 and RCW 28A.67.065 for the purpose of discharge, probation, or for otherwise adversely affecting a teacher in his or her contract status.

The board exceeded the power granted it by the legislature. Further, since the board itself lacked statutory power to follow a policy of summary procedure it could not delegate such power to the superintendent.

The board's policy denied appellant notice and an opportunity to request a hearing before the imposition of probation and before her contract status was adversely affected. The policy violated RCW 28A.58.450 and RCW 28A.67.065.

Since there was no original board hearing, it is impossible to have a hearing de novo as required by RCW 28A.58.480. Because of the lack of notice *and* opportunity for hearing, RCW 28A.58.450 directs that the appellant shall not be otherwise adversely affected in her contract status for the duration of the period May 10, 1971 to May 10, 1972. *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963).

The trial court is reversed and the cause remanded for entry of a summary judgment in favor of appellant reflecting a return of the 7 percent salary reduction imposed from May 10, 1971 to May 10, 1972. Further, appellant is entitled to a reasonable attorney's fee for the preparation

and prosecution of the appeal in superior court. RCW 28A.58.490, .500. The reasonable attorney's fee and taxable costs shall be set by the superior court. RCW 28A.58.490.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied January 8, 1974.