[No. 43151.    En Banc.    March 20, 1975.]

WILMA L. HILL, *Respondent*, v. DAYTON SCHOOL DISTRICT No. 2 *et al, Petitioners.*

*Albert J. Golden* and *H. N. Woolson*, for petitioners.

*Reese & Mitchell* and *John S. Biggs*, for respondent.

WRIGHT, J.—This is an appeal from the nonrenewal of a teacher (Wilma L. Hill) by reason of the defeat of a special school levy and the resulting lack of funds for the operation of schools within Dayton School District No. 2. The matter was heard in the Columbia County Superior Court and was appealed to the Court of Appeals where an opinion was filed December 19, 1973. The Court of Appeals affirmed

the trial court. Both the trial court and the Court of Appeals ordered the reinstatement of the teacher. A petition for rehearing in the Court of Appeals was filed January 18, 1974. Thereafter, the petition for rehearing was denied February 4, 1974, and this court granted a petition for review on March 21, 1974. The matter was argued before this court on October 7, 1974.

The history of the matter before the opinion of the Court of Appeals is fully covered in the opinion of that court, *Hill v. Dayton School Dist.*, 10 Wn. App. 251, 517 P.2d 223 (1973).

We will, therefore, only briefly touch on the facts. The voters of Dayton School District No. 2 had in April of 1972 defeated a special school levy. The school board met on April 12, 1972, and gave consideration to the problems resulting from the defeat of the levy. One measure the board decided it must take was to reduce the size of the teaching staff.

One teacher selected for nonrenewal was Wilma L. Hill, the respondent herein. A notice was sent to respondent on April 13, 1972, which notice read:

Action taken by the Board of Directors of Dayton School District #2 at a special session, April 12, 1972 is as follows:
Due to the decrease in enrollment in our school and due to the lack of funds because of levy failure, your position as a Teacher or advisor of Business Ed. & English must be eliminated for next year.
If, at a later date, it becomes evident that funds are available to reestablish this department, you will be given the first opportunity for reemployment. The date for the second attempt for a special levy election has been set by the County Auditor for May 25.

It should be here noted the notice, served on April 13, 1972, was timely under the provisions of RCW 28A.67.070, which requires notice to be "on or before April 15th."

Plaintiff elected to proceed under RCW 28A.58.515 and appealed directly to the Superior Court. The appeal was taken on April 21, 1972, which was within the 10 days

allowed by statute. The trial court found the notice was not a notice of probable cause and did not conform to the requirements of RCW 28A.67.070. The trial court, therefore, ordered the teacher to be reinstated, and found her contract was conclusively deemed to be renewed.

■ The Court of Appeals was misled by dicta contained in the opinion in *Thayer v. Anacortes School Dist.*, 81 Wn.2d 709, 504 P.2d 1130 (1972). The dicta would give the impression—in fact, did give the impression to the Court of Appeals—that seniority is a factor to be considered in every instance when certificated staff must be reduced due to lack of funds. True, in *Thayer*, seniority was to be considered, but that was because that school district had previously adopted guidelines for staff reduction, one of the criteria being seniority. All that *Thayer* actually holds is that the school district is bound by its own previously adopted criteria.

The Court of Appeals also misinterpreted *Thayer* in *Williams v. Board of Directors*, 10 Wn. App. 579, 519 P.2d 15 (1974) by reason of the dicta. In *Williams* it was said in part: "nonrenewals of certificated employees qualified in the same areas of educational instruction will be determined on the basis of seniority." That statement incorrectly applied *Thayer*.

■ Another dicta statement in *Thayer* which should be corrected is the reference to RCW 28A.58.100. It is suggested in *Thayer* that such statutory provision requires consideration of seniority in making a reduction in personnel. We do not agree. This section and its predecessor (Laws of 1965, 1st Ex. Sess., ch. 49, § 3, p. 1810; RCW 28.67.076) relate to leave commonly known as "sick leave." That section provides that seniority can be retained *for the purpose of computing sick leave*, and has absolutely nothing to do with who shall be retained in a reduction in personnel.

■ Our more recent opinion in *Pierce v. Lake Stevens School Dist.*, 84 Wn.2d 772, 529 P.2d 810 (1974), clarifies the matter. Therein we held that the notice of nonrenewal

based upon the financial condition of the district and the need for reduction in the staff of certificated teachers was an adequate notice of probable cause. The teacher does have, after such a notice, an opportunity to request a hearing (RCW 28A.58.450 and 28A.67.070) or to appeal directly to the Superior Court (RCW 28A.58.515). We adhere to our opinion in *Pierce v. Lake Stevens School Dist., supra.*

The notice in this case is adequate and, therefore, we reverse both the Court of Appeals and the Superior Court.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, and BRACHTENBACH, JJ., concur.