[No. 907-3.   Division Three.   May 8, 1975.]

BARBARA BLACK, *Appellant*, v. JOINT SCHOOL DISTRICT No. 401-100, *Respondent*.

*Sherwood, Tugman, Gose & Reser* and *Phelps R. Gose,* for appellant.

*Arthur Eggers, Prosecuting Attorney,* for respondent.

[As amended by order of the Court of Appeals August 14, 1975.]

MUNSON, J.—Plaintiff, a schoolteacher, appeals from a judgment by the Superior Court upholding the school district's nonrenewal of her contract for the year 1971-72.

On January 28, 1971, the school board sent plaintiff a notice of nonrenewal:

Dear Mrs. Black:

The Waitsburg Joint School District Board of Directors, at their regular January 1971 meeting, decided to reduce the language arts teaching staff in the Waitsburg High School by one teacher. This decision was made after review of the Waitsburg School Educational Programs.

The review considered such matters as course offering; subject offerings; class enrollment; school enrollment projection; past school enrollment; student to teacher ratio decrease; 1968-71 state staff ratio for salary improvement drop; teacher qualification; coaching assignments and extra curricular activity advisors and special levy money.

The Waitsburg School Board of Directors directed me, as superintendent, by unanimous vote, to inform you that your teaching contract will not be renewed school year 1971-72 due to this reduction of the High School Language Arts teaching staff by one.

The cause for non-renewal of your contract is the reduc-

tion of staff by one teacher, the need for remaining staffs' abilities in coaching and extra activity advisors.

Sincerely,
/s/ Gerald Maib
Gerald Maib
Superintendent
/s/ Robert E. Danforth
Chairman of the Board

Plaintiff responded by requesting a hearing before the board of directors, which resulted in a reaffirmation of the board's decision of nonrenewal of the plaintiff's contract. She then appealed the board's decision to the Superior Court pursuant to RCW 28A.58.460. From the judgment of the Superior Court she now appeals, contending:

1. The reason given for discharge was a pretext in that personal animosity was the real reason for her nonrenewal;

2. No actual reduction in revenue existed necessitating a reduction in staff;

3. The notice was insufficient in that:

a. The notice evidenced a predetermined decision to nonrenew by the board, thus denying plaintiff an opportunity for a fair hearing;

b. The notice does not specify the cause for nonrenewal;

c. Failure of the notice to state whether seniority was one of the criteria considered and further, failure of the board to consider seniority voids the board's action;

4. The thirteen enumerated findings of fact are not supported by the evidence and do not give rise to sufficient cause for nonrenewal;

5. The court erred in failing to reinstate the plaintiff and award her damages for her nonrenewal.

The district contends that there were three reasons for plaintiff's nonrenewal:

1. Decreased enrollment within the district resulting in a reduction of revenue, which necessitated a reduction of staff;

2. Considering the criteria set forth in the notice, the district noted a lack of student interest in two of the

courses taught by the plaintiff and the ability to combine two other courses under one teacher, thus eliminating the necessity for one teaching position;

3. Plaintiff's refusal to assume additional contractual obligations involving extracurricular activities.

■ In regard to the plaintiff's first contention, our review of the record establishes that the trial court's findings of fact relating to the reasons given by the district for plaintiff's nonrenewal are supported by substantial evidence. Therefore, plaintiff's contentions regarding personal animosity and the existence of a reduction in revenue are not well taken.

■ Plaintiff next contends that the notice evidenced a predetermined decision to nonrenew her contract. As stated in *Boyle v. Renton School Dist. 403*, 10 Wn. App. 523, 528, 518 P.2d 221 (1974):

> The preliminary determination for nonrenewal was necessarily made by the board upon the information it then had. This information would have to be sufficient to justify the decision to nonrenew because if the teacher did not have countervailing evidence or argument to present to the board at the subsequent hearing, his contract would undoubtedly not be renewed. The board could not justifiably send out notice of nonrenewal if it was then unsure or uncertain that it had sufficient evidence to support it. *The initial determination to nonrenew does not mean that the members of the board are prejudiced against the teacher and could not discharge their statutory duty to give him a fair hearing. The presumption is that the board did properly discharge its duties. Rosso v. State Personnel Bd.*, 68 Wn.2d 16, 411 P.2d 138 (1966).

(Italics ours.) We find plaintiff's contention is not well taken.

Plaintiff next contends that the notice sent her did not state the cause of her nonrenewal. As previously quoted, the notice stated in part:

> The cause for non-renewal of your contract is the reduction of staff by one teacher, the need for remaining staffs' abilities in coaching and extra activity advisors.

Her contention in this regard is not well taken.

Next, plaintiff contends that the board is required to consider seniority and that the notice must state whether such has been utilized as a criteria in its decision of nonrenewal. We disagree. In *Hill v. Dayton School Dist. 2*, 85 Wn.2d 204, 206, 532 P.2d 1154 (1975), the court stated:

> The Court of Appeals was misled by dicta contained in the opinion in *Thayer v. Anacortes School Dist.*, 81 Wn.2d 709, 504 P.2d 1130 (1972). The dicta would give the impression—in fact, did give the impression to the Court of Appeals—that seniority is a factor to be considered in every instance when certificated staff must be reduced due to lack of funds. True, in *Thayer*, seniority was to be considered, *but that was because that school district had previously adopted guidelines for staff reduction, one of the criteria being seniority*. All that *Thayer* actually holds is that the school district is bound by its own previously adopted criteria.

(Italics ours.) There is no evidence that the defendant previously adopted seniority as a criteria. We note that the court made a finding to the effect that seniority was considered. However, a review of the record fails to reveal that the board considered seniority. Furthermore, counsel on oral argument agreed that this finding is unsupported. Though we find plaintiff's assignment of error to the court's finding that it considered seniority is well taken, such does not constitute a legal basis for reversal in light of the decision in *Hill*.

In reviewing the sufficiency of cause for plaintiff's nonrenewal, we do not decide whether appellant's failure to participate by way of a supplemental contract in extracurricular activities alone is sufficient for nonrenewal. There are sufficient causes independent of that reason to justify the board's decision not to renew plaintiff's contract.

Since *Hill v. Dayton School Dist. 2, supra*, was decided subsequent to the filing of this appeal and the argument before the court, the appellant had no way of knowing how our Supreme Court would look upon the issue presented.

Therefore, exercising our discretion under RCW 28A.58.490, the case is remanded to Superior Court for the taking of testimony to determine what the amount of reasonable attorney's fees should be pursuant to that statute.

Judgment affirmed.

McINTURFF, C.J., and EVANS, J. Pro Tem., concur.

Petition for rehearing denied August 14, 1975.