[No. 43814.    En Banc.    February 11, 1976.]

OAK HARBOR SCHOOL DISTRICT, *Appellant*, v. OAK HARBOR EDUCATION ASSOCIATION, ET AL, *Respondents*.

*Eugene C. Anderson* (of *Anderson & Anderson*), for appellant.

*MacDonald, Hoague & Bayless*, by *Rosselle Pekelis Higgins*, for respondents Oak Harbor Education Association, et al.

*W. Mitchell Cogdill* (of *Cogdill & Deno*), for respondents Dickson, et al.

ROSELLINI, J.—Special levies having failed, the Oak Harbor School District issued notices of nonrenewal pursuant to a policy which it had previously negotiated with the Oak Harbor Education Association. This policy made seniority within the district the controlling factor in determining which teachers should be nonrenewed. The district then

brought this declaratory judgment action to obtain a ruling whether it was required, by RCW 28A.58.100, to determine seniority upon the basis of total years of service within the state, or upon total years of continuous service within the state, or whether it was free to follow the policy which it had negotiated with the association.

The superior court ruled that the statute requires a school district to compute seniority with reference to total years of service within the state of Washington, and does not permit computation with reference to continuous years of service or years of service within a school district.

The school district, the association, and teachers whose seniority within the district would entitle them to priority under the negotiated policy appealed to this court. The respondents are teachers whose total years of service would entitle them to priority under the court's ruling.

RCW 28A.58.100 reads, in pertinent part:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and for sufficient cause discharge all certificated and non-certificated employees, and fix, alter, allow and order paid their salaries and compensation;
> (2) . . .
> (h) . . .
> When any teacher or other certificated employee leaves one school district within the state and commences employment with another school district within the state, he shall retain the same seniority, leave benefits and other benefits that he had in his previous position. If the school district to which the person transfers has a different system for computing seniority, leave benefits, and other benefits, then the employee shall be granted the same seniority, leave benefits and other benefits as a person in that district who has similar occupational status and total years of service.

■ It will be seen that this provision expressly states that a teacher leaving one district and commencing teaching in another shall retain the same seniority and that he shall be granted the same seniority and other benefits as

others having similar occupational status and total years of service, regardless of the system used within the district for computing seniority. The act does not require that seniority be considered in determining whether a teacher shall be hired or discharged; but it does require that where seniority is made a factor, it shall be the same for all persons having similar occupational status and total years of service.

This court has recently concluded, in spite of dicta in *Thayer v. Anacortes School Dist.*, 81 Wn.2d 709, 504 P.2d 1130 (1972), to the contrary, that this statute does not require that seniority be a factor in determining which teachers shall be nonrenewed where staff reductions are made necessary by reduced finances. *Hill v. Dayton School Dist. 2*, 85 Wn.2d 204, 532 P.2d 1154 (1975). Unfortunately, we went further than was necessary in that case and said that the provision applies only to sick leave. This statement was unwarranted, inasmuch as seniority is treated disjunctively, as a subject separate from sick leave; the statute provides that an employee shall be granted the same *seniority, leave benefits generally*, and *other benefits* as a person in the district who has similar occupational status and total years of service.

The legislature undoubtedly recognized that there are many matters which may be considered in negotiating a policy for the reduction of personnel in a school district. Some of the questions which may arise are: (1) Does teaching as a substitute count towards seniority? (2) Must a teacher teach every day of the school year in order to be credited with a year of seniority? (3) Does military leave count towards seniority? (4) How shall nonrenewal be determined where two teachers in the same occupational status have served the same number of years? Such questions may be considered in arriving at a "system of computing seniority," as we construe the statute. But whatever the system, it must give the employee credit for his total years of service, including those served outside the district. Persons having the same occupational status and total years

of service, computed according to the system, are to be treated alike.

The statute allows for different treatment of persons in different occupational categories, but within a category, where length of service is taken into account, a teacher must be credited with his total years of service and not just the years within the district. To the extent that dictum in *Hill v. Dayton School Dist. 2, supra,* is inconsistent with this interpretation of the act, it is hereby repudiated.

It has been suggested that a school district should be left free to negotiate or adopt whatever criteria it chooses for reduction of personnel. Whether this is sound public policy is, of course, a question for the legislature, whose authority and responsibility it is to determine the powers and duties of school districts. *Noe v. Edmonds School Dist. 15,* 83 Wn.2d 97, 515 P.2d 977 (1973).

The statute in question does indeed allow districts much latitude in negotiating and adopting criteria for hiring and discharge. But it does impose restrictions and duties. One of these is to give recognition to the accumulated seniority, leave benefits, and other benefits of teachers who have taught in other districts. If the second paragraph of RCW 28A.58.100(2)(h) does not mean this, it means nothing. Courts will presume that the legislature did not engage in vain and useless acts and that some significant purpose or object is implicit in every legislative enactment. *Kelleher v. Ephrata School Dist. 165,* 56 Wn.2d 866, 355 P.2d 989 (1960).

The remaining question is: Does the statute contemplate that seniority shall be computed upon the basis of continuous years of service or upon the basis of total years of service? We are convinced that the trial court was correct in concluding that the legislature intended that persons having the same number of years of service shall be treated the same with respect to seniority, regardless of whether the years of service were continuous. While the opening phrase "when any teacher or other certificated employee leaves one school district within the state and commences

employment with another," might reasonably be said to imply that continuity of service was contemplated, the final words of this paragraph make it clear the *total* years of service are to be credited.

We are shown no reason to presume that the legislature intended to preserve seniority status only where an employee's years of service have been continuous.

There does not appear to be any compelling public policy which might have inspired the legislature to provide that seniority should be computed only upon continuous years. Such a provision would tend to unduly penalize teachers who are nonrenewed because of financial difficulties of school districts and are unable to find reemployment immediately, as well as those who must take time off from teaching because of family requirements, military service, or reasons of health. It would seem that if the legislature intended that a person should lose his seniority whenever his teaching career is interrupted, it would have manifested that intent in unmistakable terms. We cannot find it expressed in the provision as it is written without ignoring the words "total years of service," with reference to which the statute requires that seniority be computed.

Since we conclude that the statute requires that seniority be computed with reference to an employee's total years of service within the state, we need not consider a further argument advanced by the respondents in support of the judgment—to wit, that any other policy would deny them due process and equal protection of the law, chilling the exercise of their freedom to travel and to pursue their chosen profession, contrary to the principles laid down in *Shapiro v. Thompson*, 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969).

The judgment is affirmed.

FINLEY, HUNTER, HAMILTON, WRIGHT, and HOROWITZ, JJ., concur.

BRACHTENBACH, J. (concurring)—I concur with the majority because the legislative history of the governing stat-

ute, which is the last, unmarked paragraph of RCW 28A.58.100, shows that its subject matter, *i.e.*, seniority, leave benefits and other benefits, was intended to have application quite apart from the other provisions of RCW 28A.58.100 (2) (a)-(h) which deal only with leave benefits. That last unmarked paragraph was enacted as a separate section of Laws of 1965, 1st Ex. Sess., ch. 49. It was codified separately as RCW 28.67.076. Only upon the reenactment of the educational code in 1969 did that paragraph become an adjunct to the leave benefit provisions. Laws of 1969, 1st Ex. Sess., ch. 223.

We are bound by that legislative declaration of seniority benefits, but point out the apparent conflict with the extensive powers granted to school boards and employee organizations by RCW 28A.72, negotiations by certificated employees. Pursuant to those powers, the Oak Harbor School Board and the Oak Harbor Educational Association, the organization representing certificated employees, negotiated what they must have believed to be a binding agreement. Now they find their agreement was meaningless. Uncertainty, disruption, and dissension have resulted.

The legislature should amend RCW 28A.72 to make it plain and certain that negotiations thereunder are subject to every statute spread throughout RCW 28A and every court interpretation thereof.

STAFFORD, C.J., and UTTER, J., concur with BRACHTENBACH, J.