[No. 10398–6–III.   Division Three.   November 1, 1990.]

WILLIAM GREENE, *Appellant,* v. PATEROS SCHOOL DISTRICT, *Respondent.*

R. John Sloan, Jr., Richard L. Weber, and Rawson & Weber, for appellant.

Phillip R. Johnson, Mark J. Davis, and Johnson & Johnson, for respondent.

SHIELDS, J.—Pateros School District sent certificated teacher William Greene a notice of nonrenewal for the 1989–1990 school year. Mr. Greene appealed the seniority listing upon which the notice was based to the school board. Upon receipt of the board's final decision that the seniority list was correct, Mr. Greene filed notice of appeal in superior court. The court granted summary judgment in favor of the District and dismissed the action with prejudice. Mr. Greene appeals; we affirm.

The Pateros School District had experienced a decline in enrollment. On March 16, 1989, the Pateros School Board authorized a reduced educational program for the 1989–1990 school year. Staffing was to be reduced by 1 full–time equivalent (FTE) certificated employee. The effect of the reduction was to be distributed between regular educational programs and general instructional support services. The Pateros school is quite small, with fewer than two dozen teachers covering grades K through 12.

In their labor agreement with the Pateros Education Association (PEA), the District had previously adopted

guidelines governing staff reductions due to economic cutbacks. Certificated employees would be grouped by classroom categories (K through 6; 7 through 12; specialties); and by academic areas within categories, such as math and English. To qualify for placement in a category or specialty the employee needed to meet one of three criteria: (1) must have taught 2 years in the category or specialty within the last 7 years; or (2) must have the equivalent of a college major in the category or specialty; or (3) must have taken 15 quarter residence hours in the category or specialty in the last 5 years, and taught in the subject 1 year in the last 5 years. Retained teachers needed to be qualified for the positions being filled. A seniority list was developed: teachers were listed in each area for which they qualified with seniority based upon total years of teaching experience. Teachers were then retained within categories and specialties on the basis of seniority. The layoff and recall provisions of the agreement do not address administrative staffing or duties because the principal and superintendent are not represented by the PEA.[1]

Pursuant to this process, Superintendent Patterson distributed a revised seniority list to all certificated staff on March 22, 1989. A cover letter accompanied the list, noting the impending reduction in force (RIF) of 1 FTE certificated staff and inviting questions or comments regarding the revised list. The list varied from the one Mr. Greene had received in 1988. He was now listed with 12 years of seniority in both counseling and library, but was not listed in any other categories. The 1988 listing showed him with

---

[1]The District purported to consider seniority by comparing Mr. Greene's years of experience with Principal Worsham's and Superintendent Patterson's. By creating a seniority category of "general instructional support services" and plugging in the seniority of Mr. Greene, the principal and the superintendent, the District simply confused the issue. Under *Peters v. South Kitsap Sch. Dist. 402*, 8 Wn. App. 809, 509 P.2d 67, *review denied*, 82 Wn.2d 1009 (1973), there was no need to consider seniority. It was harmless error for the trial court to "[accept] the affidavit indicating that Mr. Greene was junior in the area that the board decided to reduce which eliminates the argument that seniority was not appropriately considered."

11 years of seniority in counseling, library, and grades K through 6.

On March 27, 1989, Superintendent Patterson delivered a notice of probable cause for nonrenewal to Mr. Greene. The letter referred to the applicable statute specifically: "I am sorry to inform you of my determination that pursuant to RCW 28A.67–070 [sic] there is probable cause for the nonrenewal of your employment contract . . ." and "This notice is issued pursuant to RCW 28A.67.070, and you are therefore entitled to exercise appeal procedures outlined in that statute. You should promptly consult your Pateros Education Association representative for a complete explanation."

Mr. Greene contacted Jim Nelson, the union representative from the Washington Education Association. In a letter dated April 3, 1989, Mr. Nelson advised Mr. Greene there was reason to believe the District might not be in full compliance with the agreement; however, the agreement specifically provided matters related to RIF procedures must be handled through the remedy provided in the statutes. Mr. Nelson further indicated the issue of nonrenewal was not subject to the grievance procedure of the master agreement, and he was not permitted to represent Mr. Greene because Mr. Greene was not a member of the association.

On April 3, 1989, Superintendent Patterson received a letter from Mr. Greene questioning his placement on the seniority list. The letter is headed:

Re: Resolution #101, March 16, 1989.
  Reduction In Force notice

and closes:

 Thank you for your time and attention, and I hope this information will enable you to make the necessary corrections to the Seniority Listing and the R.I.F. procedure.

However, the body of the letter was a specific response to the seniority list distributed on March 27. No hearing was requested. Mr. Greene expressed his belief he was qualified for seniority placement in the specialties of counseling and

library, and in the category of K through 6. In challenging the 1989 list, Mr. Greene stated:

I have a Bachelor of Arts in Education, with majors in Education and French; Continuing Level Counselor Certification; a Master of Arts in Education; Guidance and Counseling; Vocational Counselor Certification; 19 qtr. credits in the Library Science area within the last 5 years.

Mr. and Mrs. Greene then met personally with Superintendent Patterson on April 5, 1989, at the District office. The seniority issue was discussed, with Mr. Greene suggesting he also had seniority in K through 6. Both Superintendent Patterson and Mr. Greene agree that appellant was appealing the seniority listing, but they disagree whether Mr. Greene indicated he was also appealing the notice of nonrenewal. Earlier the same day, Mr. Greene made an appointment for that afternoon with an attorney in Wenatchee to discuss the nonrenewal issue. During the meeting with Superintendent Patterson, he mentioned that he was considering contacting an attorney. Superintendent Patterson's response discouraged resort to the courts, although their affidavits conflict on the exact wording used. Superintendent Patterson told Mr. Greene he still had a right to appeal to the school board within 10 days if he did not agree with the superintendent's response.[2] Mr. Green did not keep the appointment with the attorney.

After the meeting, Superintendent Patterson wrote to Mr. Greene in response to his April 3 letter. The letter

---

[2]The master agreement, in Article 5, contains a specific procedure for challenging categorization on the seniority list:

"*Section E. Appeal*:

"1. A certificated employee may file with the superintendent a written appeal to request reconsideration or modification of retention categories or specialties for which he may qualify. The certificated employee must include in the appeal a full statement as to the facts on which he contends the reconsideration or modification should [be] based.

"2. In the event that the appeal to the superintendent is not resolved, a certificated employee, within ten days after the superintendent's response, may appeal to the Board. Upon receipt of the appeal, the Board at the next regular Board meeting, shall act on any appeal(s) and render a decision within five days after the meeting."

addressed the formation of the seniority list, explained why the previous listing in the K through 6 category had been in error, and reiterated his determination Mr. Greene was correctly listed: he did not have the requisite major in education for the K through 6 listing.

> Your transcripts do not verify that you have a major in education. The transcripts in your file from P.L.U. and E.W.S.U. list your majors as French, and counseling. Most teachers have a B.A. or M.A. degree in education. The B.A. or M.A. degree does not constitute a major. A major in education would be identified by the transcript listing education, elementary education and so forth as a specific major.

In closing, he stated:

> Also, as I explained in our meeting of March [sic] 5, 1989, Article V, Section E.2. allows you to appeal *your placement on the seniority list* directly to the Pateros School Board. If you choose to appeal to the Board, you must notify the Board of your intent to appeal within 10 business days of the receipt of this letter.

(Italics ours.)

On April 12, 1989, Mr. Greene wrote a letter to the school board. He questioned the need for a reduction in force, stated he thought there had been an error when he received his RIF notice informing him his position had been eliminated, and asked them to consider whether reduced enrollment could be addressed in some other manner.

On April 13, Mr. Greene again wrote to Superintendent Patterson regarding the seniority list, indicating he had contacted the state certification office and hoped to be able to show he was qualified for listing in the academic areas of English or English and Language Arts within category 7 through 12. He wrote: "In talking with Dr. Quidwai I realize I do not have the equivalent of a major in Elementary Educ., but since I found out this other information I wanted to let you know as quickly as possible."

On April 14, 1989, he followed with a handwritten letter saying he felt it best "to appeal the decision." He also wrote another letter:

TO: Pateros School Board of Directors
Regarding: Formal Appeal to the Board to consider:
>    1) My Seniority and Placement on the Seniority List, and
>    2) The School Board reconsider whether or not a staff reduction is necessary.
Please accept this as my FORMAL APPEAL to consider the above. . . .

. . . .

Thank you for considering my FORMAL APPEAL.

On April 15, Mr. Greene wrote to the chairman of the education department at Pacific Lutheran University requesting evaluation of his transcripts to determine whether he had the equivalent of a major in English and/or Language Arts so that he could qualify for seniority in those academic areas within the 7 through 12 category. The department chairman responded April 17 informing Mr. Greene he lacked several required courses in both areas.

On April 20, Mr. Greene presented his formal appeal in a statement to the school board, again asking them to reconsider his seniority and placement on the list, and to decide whether a staff reduction was necessary. School board minutes dated April 20, 1989, contain the following:

> After lengthy discussion, a motion was made by Roger Gardner to deny modification to the seniority list and to leave the list as it is written. This was seconded by Kathy Rogahn and passed unanimously.
>
> REDUCTION IN FORCE APPEAL

On April 26, 1989, Superintendent Patterson sent Mr. Greene formal notification of the board's decision the seniority list was correct. Mr. Greene's "request to be placed in other categories was denied." On May 22, 1989, Mr. Greene filed a notice of appeal in Okanogan County Superior Court pursuant to former RCW 28A.58.460. The court ruled in favor of the District on summary judgment. Mr. Greene contends the court erred in finding (1) the notice of appeal was not timely made, (2) the notice of nonrenewal was

statutorily sufficient, (3) no issue of material fact existed, and (4) estoppel did not apply.

First, Mr. Greene contends the court erred in finding his appeal of the notice of probable cause for nonrenewal was not timely under the relevant statutes. He presents this conclusion in several arguments. He first argues his letter of April 3, plus his meeting with Superintendent Patterson on April 5 and Superintendent Patterson's written response dated April 5, in combination constitute compliance with former RCW 28A.67.070.[3] We disagree.

Had Mr. Greene wished to challenge the necessity for a RIF, or the procedure followed by the District, under former RCW 28A.67.070, he could file a written request for a hearing within 10 days after receipt of the notice of non-renewal. That hearing is governed by the provisions of former RCW 28A.58.455.[4] April 6, 1989, was Mr. Greene's deadline for statutory appeal.

The meaning of an unambiguous statute is derived from statutory language alone. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 790 P.2d 124 (1990). Under the plain language of former RCW 28A.67.070 there are two steps to perfecting a request for a hearing: (1) prepare a written request for a hearing and (2) file it with the president, chairman or secretary of the board of directors of the district. Both steps must be completed within 10 days after receiving the notice of non-renewal. Mr. Greene's letter dated April 3 does not request

---

[3]Former RCW 28A.67.070 provides, in part: "Every such employee so notified, at his or her request made in writing and filed with the president, chairman or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.58-.455 to determine whether there is sufficient cause or causes for nonrenewal of contract: . . .".

[4]Alternatively, under the provisions of former RCW 28A.58.515, he could appeal directly to the superior court by filing with the court's clerk a notice of appeal within 10 days after receipt of the probable cause notice. This procedure is not referred to in former RCW 28A.67.070. Nor was it referred to in the letter of nonrenewal.

any kind of hearing and was not filed with an officer of the board of directors. Whether Mr. Greene made an oral request at the meeting with Superintendent Patterson on April 5 is irrelevant to this issue. The statute does not authorize a teacher to make an oral request to the superintendent for a hearing. Mr. Greene's letter cannot reasonably be construed as a request for a hearing within the meaning of former RCW 28A.67.070.

Mr. Greene next argues his letter and the meeting, if not in full compliance with the statute, at least constitute substantial compliance. He asserts substantial compliance has been held adequate for school boards and districts. Relying on *State ex rel. Bohanon v. Wanamaker*, 47 Wn.2d 794, 289 P.2d 697 (1955) and *Boyle v. Renton Sch. Dist. 403*, 10 Wn. App. 523, 518 P.2d 221, *review denied*, 84 Wn.2d 1001 (1974), Mr. Greene argues if the board and the District can meet the requirements of the law through substantial compliance, it is reasonable to conclude a teacher can also.

▉ Neither case supports Mr. Greene's contention; both cases require a timely request for hearing. *Boyle* applied the substantial compliance rule to claimed procedural errors and irregularities at the school board hearing. *Boyle*, at 529. The hearing, however, was properly requested as provided by former RCW 28A.67.070. *Bohanon* held a 1954 letter of termination substantially complied with the statutory notice requirements, although it did not reiterate the reasons for termination given in a 1953 letter. *Bohanon*, at 802. Because Mr. Bohanon failed to appeal within the statutory period following receipt of the 1954 letter, the board's decision became final. *Bohanon*, at 803.

In *Robel v. Highline Pub. Schs., Dist. 401*, 65 Wn.2d 477, 485, 398 P.2d 1 (1965), the court held the decision of the board became final and conclusive when the teacher failed to request a hearing within 10 days of service of the statutory notice. When Mr. Greene failed to request a hearing within 10 days, the notice of nonrenewal became final.

■ Mr. Greene also argues he appealed the notice of nonrenewal under former RCW 28A.58.460,[5] taking advantage of that statute's 30–day appeal period from an action of the school affecting his contract status. The board's action at the meeting on April 20 was "to deny modification to the seniority list and to leave the list as it is written." Hence, the board's action concerned contract status, and is properly appealable under former RCW 28A.58.460. However, Mr. Greene has not challenged the board's action concerning his contract status. Mr. Greene is challenging his nonrenewal, and that action is only appealable under former RCW 28A.67.070 or 28A.58.515, both of which mandate notice of appeal within 10 days.

The record reflects that Mr. Greene believed by challenging his seniority listing he was also challenging the notice of nonrenewal. Unfortunately, he confused the appeal rights in the master agreement, which governed the seniority list, with the appeal rights in former RCW 28A.67.070 which governs nonrenewals. Although his confusion is understandable, his notice did not comply with the law.

Second, Mr. Greene contends the notice of nonrenewal under former RCW 28A.67.070 was legally insufficient, relieving him from the need to appeal within 10 days. He relies on *Thayer v. Anacortes Sch. Dist.*, 81 Wn.2d 709, 715, 504 P.2d 1130 (1972), which held that a teacher whose contract is not being renewed as a result of a reduction in force must be informed, in the notice of nonrenewal, if seniority is not being considered in the reduction. Mr. Greene argues he had 12 years of seniority in library and counseling, while no other teachers had seniority in either category.

---

[5]Former RCW 28A.58.460 provides:

"Any teacher, principal, supervisor, superintendent, or other certificated employee, desiring to appeal from any action or failure to act upon the part of a school board relating to the discharge or other action adversely affecting his contract status, or failure to renew that employee's contract for the next ensuing term, within thirty days after his or her receipt of such decision or order, may serve upon the chairman of the school board and file with the clerk of the superior court in the county in which the school district is located a notice of appeal which shall set forth also in a clear and concise manner the errors complained of."

Thus, when he received the notice of nonrenewal, he reasonably believed a mistake had been made which if corrected would result in his retention.

*Thayer's* applicability requires a 2–step determination: (1) whether seniority must be considered, and (2) if so, whether it was considered. *See Hill v. Dayton Sch. Dist. 2*, 85 Wn.2d 204, 206, 532 P.2d 1154 (1975) (when seniority need not be considered under district guidelines, *Thayer* does not apply); *Pierce v. Lake Stevens Sch. Dist. 4*, 84 Wn.2d 772, 779, 529 P.2d 810 (1974) (when seniority has been considered pursuant to district guidelines, *Thayer* does not apply).

*Peters v. South Kitsap Sch. Dist. 402*, 8 Wn. App. 809, 509 P.2d 67, *review denied*, 82 Wn.2d 1009 (1973) held when a nonrenewed certificated teacher is the only one filling a position which is eliminated for economic reasons, *Thayer* does not apply. In *Peters* there was only one certificated position for study hall. It was eliminated for economic reasons and a noncertificated study hall position substituted for it. Since there was no vacancy for which Mr. Peters was qualified, seniority was not applicable. This is Mr. Greene's situation. Mr. Greene was qualified for library and counseling, but there were no vacancies for which he was qualified. The Pateros School Board exercised its sound discretion in establishing the District's needs for the following school year by eliminating the library and counseling position itself, reducing the teaching schedules of two teachers by one period each to cover the counseling needs, and reducing the administrative duties of the principal by three periods to cover the library needs. The District was thus able to distribute the reduction between regular educational programs and general instructional support services while still offering students some counseling and library assistance. This was consistent with its adopted guidelines. *See Peters*, at 816–17. The school board was not required to give Mr. Greene preference over junior qualified teachers in different positions. The notice of probable cause for nonrenewal was statutorily sufficient.

■ Mr. Greene next argues the position of librarian/counselor was not in fact eliminated, but was merely reduced. He confuses two separate functions: (1) the determination of educational goals, programs, and curricula, which establishes the District's needs, and (2) filling the needs as established. The first function is discussed in *Peters,* at 816:

> In our view, the law does not require the school board to consider the availability of teachers with specific qualifications in establishing the district's goals or requirements. The efficient use of combinations of teaching skills into teaching assignments is within the broad discretionary powers of the school board. The law requires only the good faith exercise of administrative discretion . . ..

The trial court found, and we agree, it seems "reasonable that a small school district may fill a discontinued position, particularly of Librarian and Counselor by stretching other certificated personnel."

■ Third, Mr. Greene contends the trial court erred in finding there was no issue of material fact, granting summary judgment in favor of the District. On appeal from a grant of summary judgment, the reviewing court must consider not only whether the affidavits and record demonstrate an issue of fact but also whether any such facts are material to the cause of action. CR 56(c); *Lamon v. McDonnell Douglas Corp.,* 91 Wn.2d 345, 588 P.2d 1346 (1979).

Our resolution of the first two issues of proper notice and consideration of seniority when a position is eliminated disposes of Mr. Greene's contention material issues of fact remain unresolved. Summary judgment was properly granted.

Fourth, Mr. Greene contends the trial court erred in failing to find the District estopped from claiming he failed to timely appeal the notice of nonrenewal. Mr. Greene asserts

(1) Superintendent Patterson told him he had 10 days to appeal to the school board, (2) he relied upon this designation of the time period and the forum for appeal, and (3) he complied, canceling his attorney appointment in reliance on the superintendent's information.

The elements of estoppel are: (1) an admission, statement or act inconsistent with a claim afterward asserted; (2) action by another in reliance upon it; and (3) injury to the relying party from allowing the contradiction or repudiation. *Board of Regents of UW v. Seattle,* 108 Wn.2d 545, 551, 741 P.2d 11 (1987). "However, in order to create an estoppel, the party claiming to have been influenced by the conduct or declarations of another must have been unaware of the true facts." *Luna v. Gillingham,* 57 Wn. App. 574, 582, 789 P.2d 801, *review denied,* 115 Wn.2d 1020 (1990).

Mr. Greene can hardly complain he was unaware of the true facts necessary to perfect his appeal. The notice of nonrenewal informed him of his right to appeal his contract nonrenewal pursuant to former RCW 28A.67.070. Superintendent Patterson's April 5 letter specifically states *the master agreement* allows Mr. Greene *to appeal his placement on the seniority list* by notifying the board within 10 days. That statement is absolutely correct. The issue of estoppel was incorporated into the trial court's decision by reference. The court did not abuse its discretion by rejecting Mr. Greene's argument.

Finally, Mr. Greene seeks attorney fees pursuant to former RCW 28A.58.490, which provides in pertinent part:

> *If the court enters judgment for the employee,* and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds, the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court.

(Italics ours.) The trial court did not enter judgment for Mr. Greene. There was no error. Attorney fees are denied. Affirmed.

GREEN, A.C.J., and THOMPSON, J., concur.